THORNAL, Justice.
By petition for certiorari petitioner Roy seeks review of a decision of a District Court of Appeal, claiming a jurisdictional conflict of decisions on the same point of law. Florida Constitution, Article V, Section 4(2), F.S.A.; Roy v. State, 207 So.2d 52 (2d D.C.A., Fla.1968).
We must-consider the jurisdictional period of time available to initiate certiorari proceedings to obtain review of decisions of District Courts of Appeal.
In the instant matter, the initial opinion of the District Court was filed December 29, 1967. In due time a petition for rehearing was filed. Thereafter, on February 16, 1968 the District Court filed an opinion on rehearing. Its mandate was subsequently filed on March 6, 1968. The petition for certiorari was filed here on April 30, 1968. The respondent insists that the petition should be dismissed on the ground that it was filed too late. The State claims that the time for filing the petition for cer-tiorari began to run when the District Court filed its opinion on rehearing on February 16, 1968. In this view, the 60 day period for filing the petition ended April 16, 1968. We have mentioned that the petition was actually filed on April 30, 1968.
*555 The petitioner insists that his petition was filed in time. He claims that the jurisdictional period did not begin to run until the mandate of the District Court was issued by that Court on March 6, 1968. He claims that the issuance of the mandate is the significant terminal act which initiates the running of the period during which review may be sought.
The position of the respondent is correct and the petition for certiorari must he dismissed.
The rule governing certiorari generally is Fla.App. Rule 4.5, subd. c(1), 32 F.S.A. It is there provided that the application for a writ of certiorari shall be filed in the reviewing court “within 60 days from the rendition of the decision, order, judgment or decree sought to he reviewed”. (Emphasis added)
The rule governing application to this Court for certiorari to review District Courts of Appeal is Fla.App. Rule 4.5, subd. c(6). It is there provided that “the petition for certiorari under this rule shall be filed in the Supreme Court within 60 days from the rendition of the order, decision or judgment of the district court of appeal”. (Emphasis added).
The critical word in the Court rule is “rendition”. This is so because it is the rendition of the decision which initiates the running of the appeal period.
Under Fla.App. Rule 1.3, the “rendition” of a decision “means that it has been reduced to writing, signed and made a matter of record, or if recording is not required, then filed.” This rule further provides that where a timely petition for a rehearing has been filed, a decision “shall not be deemed rendered until such * * * petition is disposed of.”
As previously suggested, the critical act is the “rendition” of the decision. This occurs when it is filed or no later than the disposition of a petition for a rehearing, if such a petition is filed. The filing of a mandate is governed by Fla.App. Rule 3.15. Under the rules, the filing of a mandate in and of itself, has no bearing upon the time allowed to initiate the certiorari proceedings.
In recent months we have noted in several instances reliance upon the date of the filing of the mandate as the beginning of the jurisdictional period for review. In each instance, as we do here, we have found it necessary to dismiss the petition for cer-tiorari. Ordinarily, an opinion would not be written in this type of situation. However, we have recorded our views for information of the Bar and to alert appellate practitioners to the pitfalls involved in awaiting filing of a mandate before initiating proceedings for review by certiorari. The petition for certiorari is dismissed.
It is so ordered.
CALDWELL, C. J., and THOMAS, ROBERTS and DREW, JJ., concur.