PER CURIAM.
Appellant seeks reversal of his conviction and sentence following a jury trial on charges of attempted breaking and entering with intent to commit a misdemean- or. Two questions are raised by appellant. First, he contends that the evidence on the question of identity was insufficient. There is no merit to this contention. A review of the testimony given by the lady occupant of the trailer which was sought to be entered by appellant indicates that appellant was identified as the person who was on the ground under her window trying to escape detection and that he ultimately stood up in front of her and that she identified him as the person in question. Appellant testified that he was not on the scene at all. This conflict in the testimony raised an issue to be resolved by the jury. No error is shown in this regard. Accordingly, on the question of the conviction, the same is affirmed.
The State concedes that the appellant is correct in his contention that 2% years is the maximum sentence which can be imposed upon him under the provisions *530 of Section 776.04, Florida Statutes, F.S.A., as applied in State v. Fitz, 202 So.2d 841 (Fla.1967). Accordingly, we hold that that portion of the three-year sentence imposed which exceeds the maximum allowable sentence of 2Yz years is contrary to law and said excess is hereby declared to be invalid. The remainder of the sentence, that is, the remaining 2% years, is declared valid and therefore affirmed without the necessity of bringing the appellant before the trial court for resentencing. See Johnson v. State, 260 So.2d 212 (Fla.App.).
Affirmed in part and reversed in part.
SPECTOR, C. J., and CARROLL, DONALD K. and WIGGINTON, JJ„ concur.