311 So.2d 752 (1975)
Frank McBRIDE, Sr., Appellant,
v.
STATE of Florida, Appellee.
No. 73-1110.
District Court of Appeal of Florida, Fourth District.
May 2, 1975.
*753 Edward H. Fine of Campbell, Colbath & Kapner, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Basil S. Diamond, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant was convicted of aggravated assault and simple assault as a result of two separate incidents and sentenced to 5 years imprisonment on the former conviction and 30 months probation on the latter conviction. The appellant contends, and the State concedes, that the maximum probation that could have been imposed was two years beyond the maximum term for which appellant might have been sentenced. (F.S. 948.04). The maximum sentence for simple assault, a second degree misdemeanor, is 60 days. See F.S. 784.02 and F.S. 775.082. Therefore, the maximum sentence that could have been imposed was 730 days (two years) plus an additional 60 days making a total of 790 days. Appellant's 30 month sentence amounts to approximately 900 days and is clearly excessive.
Accordingly, that portion of the 30 month sentence which exceeds the maximum allowable of 790 days is contrary to law and said excess is declared to be invalid; the remaining portion of the sentence, 790 days, is declared valid and is affirmed without the necessity of bringing the appellant before the trial court for resentencing. Chaires v. State, Fla.App. 1972, 265 So.2d 529.
Affirmed, in part; reversed, in part.
OWEN, C.J., and WALDEN and MAGER, JJ., concur.