323 So.2d 621 (1975)
Virginia WATT, Appellant,
v.
STATE of Florida, Appellee.
No. V-379.
District Court of Appeal of Florida, First District.
December 16, 1975.
*622 Louis O. Frost, Jr., Public Defender, and Steven E. Rohan, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Michael M. Corin, Asst. Atty. Gen., for appellee.
SMITH, Judge.
Here there is a disparity between the court's written order of probation, signed and filed by a former judge on January 6, 1972, and the court reporter's transcript of his notes of the proceedings in court that day. The order fixes appellant's probationary term at two years. The transcript quotes the judge as announcing that appellant would be placed on probation for three years. The probation officer's notes corroborate the transcript. Now, more than two but less than three years later, another judge of the same court has undertaken to amend the original probationary order, nunc pro tunc, to specify a three year period. That done, the court revoked appellant's probation and ordered her placed on probation for two more years.
The formal order of probation, filed in the cause and directed for recordation in the minutes, cannot be impeached and its substantial terms made more stringent upon the probationer by reference to a transcript of the proceedings. The court's order did not consist of words spoken from the bench, nor of the reporter's record of those words, but rather of the written, signed, filed and recorded order. Ellis v. State, 100 Fla. 27, 129 So. 106 (1930); Shargaa v. State, 102 So.2d 809 (Fla. 1958); Pickman v. State, 155 So.2d 646 (Fla.App.3d, 1963), cert. den. 164 So.2d 805 (Fla. 1964); Roy v. State, 207 So.2d 52 (Fla.App.2d, 1968), cert. dism. 211 So.2d 554 (Fla. 1968); Falagan v. Wainwright, 195 So.2d 562 (Fla. 1967).
Courts are authorized to correct clerical errors in their orders and judgments within or beyond the term. Boggs v. Wainwright, 223 So.2d 316 (Fla. 1969). But there is little reason in this case to conclude that the formal order, rather than the oral announcement or the reporter's record of it, was in error. If the conflict between the trial court's apparent announcement and its formal order were otherwise inexplicable, we would yet presume that the trial court was empowered to order and intentionally did order a probationary period shorter than that announced. The lower court's jurisdiction terminated at the end of appellant's probation on January 6, 1974. Sec. 948.04, F.S. 1973. We reverse the probationary order entered March 14, 1974, and discharge appellant.
Reversed.
BOYER, C.J., and RAWLS, J., concur.