CROSS, Judge.
Appellant-defendant, Jack Lamar Adams, Jr., appeals an order revoking probation and imposition of sentence for possession of pethidine (meperidine), a controlled substance.
Appellant was arrested after police officers, executing a search warrant, found appellant in a room with a quantity of heroin and a pistol. An information was filed charging appellant with four counts of possession of controlled substances. Appellant pled guilty to one count, possession of pethidine (meperidine), was adjudicated guilty and placed on ten years probation. As a condition of his probation, appellant was required to complete a drug rehabilitation program. Appellant was subsequently charged with violating conditions of his probation by leaving the drug rehabilitation house before completing the program, by possessing a firearm, and for possessing heroin. Appellant filed a motion to suppress the evidence obtained in the search, which was denied. Appellant pled not guilty to the violation of probation charges. After an evidentiary hearing, the trial court revoked probation and sentenced appellant to fifteen years imprisonment. This appeal then followed.
The initial question for our determination is whether the trial court imposed an excessive sentence.
Pethidine (meperidine) is a controlled substance according to Section 893.-03(2)(b)(14), Florida Statutes (1975). A person in possession of a controlled substance is guilty of a third degree felony. Section 893.13(l)(e), Florida Statutes (1975). A third degree felony is punishable by a term of imprisonment not exceeding five years. Section 775.082(3)(d), Florida Statutes (1975).
In Florida a determination of the sentence to be imposed falls within the discretion of the trial court; the exercise of that discretion will not be disturbed if the *686 sentence imposed does not exceed the bounds established by statute. Holden v. City of Fort Lauderdale, 286 So.2d 218 (Fla. 4th DCA 1973).
In the instant case, the maximum term for which appellant might have been sentenced was five years. After revocation of probation proceedings, the trial court sentenced appellant to fifteen years imprisonment, which exceeded the maximum five-year sentence by ten years. Thus the error. Accordingly, the sentence is reduced to five years; credit to be given for time served. McBride v. State, 311 So.2d 752 (Fla. 4th DCA 1975); Chaires v. State, 265 So.2d 529 (Fla. 1st DCA 1972).
Order affirmed and sentence modified.
MAGER, C. J., and LETTS, J., concur.