PER CURIAM.
Appellant was charged with and convicted of a third degree felony. He was adjudicated guilty and sentenced to five years in prison and also to pay a $5,000 fine. The sentence provided that in lieu of payment of the $5,000 fine, appellant was to serve an additional (sixth) year in prison. This sentence is excessive.
One convicted of a third degree felony may be lawfully sentenced to a maximum of five years in prison, Section 775.082(3)(d), Florida Statutes (1975), and in addition be assessed up to a $5,000 fine, Section 775.-083(l)(c), Florida Statutes (1975). However, the portion of the present sentence requiring appellant to serve a sixth year in prison upon failure to pay the fine is excessive because there exists no statutory authority for the imposition of such a sentence. In order to collect the fine imposed, the state is relegated to those remedies provided by law for the collection of judgments as in other cases.
Accordingly, we hold that that portion of the sentence requiring appellant to serve a sixth year in prison in lieu of payment of the fine is void and is hereby stricken, without the necessity of bringing appellant before the trial court for resentencing. See Chaires v. State, 265 So.2d 529 (Fla. 1st DCA 1972). In all other respects, the judgment and sentence appealed is affirmed.
GRIMES, Acting C. J., and SCHEB and DANAHY, JJ., concur.