LETTS, Judge.
This appeal stems from a hearing at which the defendant’s probation was revoked, the judge correctly stating that he was adjudging the defendant guilty of breaking and entering with intent to commit a misdemeanor as per the original charge to which he had pled nolo conten-dere. However, we assume, through error, the ensuing written Judgment and Sentence revoked his probation and adjudged him guilty of breaking and entering with intent to commit a felony. This was error.
It has been established that “one cannot plead guilty to one offense and be adjudged guilty and sentenced to another” Perkins v. Mayo, 92 So.2d 641, 643 (Fla.1957).
We point to the following colloquy at the probation hearing:
THE CLERK: Adjudication has been withheld until now.
THE COURT: All right. Ralph, I am going to find you guilty of violation of the terms and conditions of your probation, revoke your probation, adjudge you to be guilty of breaking and entering a dwelling house with intent to commit a felony. Is that what he pled guilty to?
MR. SMITH [State’s Attorney]: Misdemeanor.
THE CLERK: To commit a misdemean- or, petty larceny.
THE COURT: With intent to commit a misdemeanor, to-wit: Petty larceny.
Do you have anything to say why sentence should not be imposed?
There can be no doubt from the above that a disparity exists between this record and the subsequent judgment. Accordingly, under the authority of Walt v. State, 323 So.2d 621 (Fla. 1st DCA 1975) we remand this case for the entry of a proper judgment. We agree with the Second District that courts are authorized to correct clerical errors within, or beyond the term. Boggs v. Wainwright, 223 So.2d 316 (Fla.1969). Such error does not require reversal.
REMANDED IN ACCORDANCE HEREWITH.
DOWNEY, C. J., and ANSTEAD, J., concur.