383 So.2d 737 (1980)
Randolph PEYTON, Appellant,
v.
The STATE of Florida, Appellee.
No. 79-1568.
District Court of Appeal of Florida, Third District.
May 13, 1980.
*738 Alvin E. Entin and Jeffrey Marks, North Miami Beach, Manuel W. James, Key West, for appellant.
Jim Smith, Atty. Gen., and Susan C. Minor, Asst. Atty. Gen., for appellee.
Before HUBBART, NESBITT and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
This is an appeal by Randolph Peyton, the defendant below, from a judgment that Peyton had violated the conditions of his probation and a prison sentence of one year imposed thereon. We affirm.
On March 11, 1977, the trial court adjudged Peyton guilty of battery, withheld imposition of sentence and placed him on probation for a period of three years. This three-year term of probation was in excess of that allowed by law. Section 784.03, Florida Statutes (1975), provides that the offense of battery is a misdemeanor in the first degree. A misdemeanor in the first degree is punishable by a term of imprisonment not exceeding one year. § 775.082(4)(a), Fla. Stat. (1975). Since a term of probation cannot exceed the maximum term of imprisonment provided by statute, Swift v. State, 362 So.2d 723 (Fla. 2d DCA 1978); Mays v. State, 349 So.2d 792 (Fla. 2d DCA 1977), it is clear that the trial court was not empowered to place the defendant on probation for more than one year.
The trial court's judgment placing Peyton on probation for a term of three years was, however, unlawful only to the extent of the excess. Silkey v. State, 356 So.2d 924 (Fla. 2d DCA 1978); Moore v. State, 324 So.2d 690 (Fla. 1st DCA 1976); McBride v. State, 311 So.2d 752 (Fla. 4th DCA 1975); Chaires v. State, 265 So.2d 529 (Fla. 1st DCA 1972); Brown v. State, 264 So.2d 28 (Fla. 1st DCA 1972). The judgment was effective to place Peyton on probation for one year.
On February 14, 1978, within this first year of probation, Peyton was charged with violations of the conditions of probation. A hearing on these charges was held on August 25, 1978.[1] On the same day, a hearing was held on Peyton's motion to correct the three-year term of probation. The concurrence of these proceedings along with the entry of still another order served to create the confusion which became the fodder for Peyton's appeal.
The deputy clerk's minutes for August 25, 1978, reflect that the trial court found that the probation conditions were violated and revoked probation. These minutes also reflect that Peyton's motion for correction of sentence was granted. On September 5, 1978, the trial court entered a written order on the motion for correction of sentence. This order vacated the three-year probationary term and placed Peyton on probation for one year beginning August 25, 1978.[2] The order also contained the perfunctory recital that the defendant "has not violated the conditions of his probation."[3] Peyton argues that this language *739 constituted the court's ruling on the hearing respecting probation violations and that the written order superseded any conflicting court minutes.
We agree that where there is conflict between a deputy clerk's minutes and a later order of the court, the order prevails. Watt v. State, 323 So.2d 621 (Fla. 1st DCA 1975). However, there is no conflict here. The deputy clerk's minutes clearly reflect two separate rulings by the court. Moreover, the trial court's written judgment and sentence, entered at the time the court imposed the one-year prison sentence for the probation violation, expressly recites that Peyton violated his probation and that the court had revoked it on August 25, 1978.
Affirmed.
NOTES
[1] When an affidavit and warrant charging probation violations issue within the probationary term, there is no jurisdictional impediment to holding a hearing thereon after the expiration of such term. Carpenter v. State, 355 So.2d 492 (Fla. 3d DCA 1978); Brooker v. State, 207 So.2d 478 (Fla. 3d DCA 1968).
[2] Since the defendant had completed service of the maximum term of probation on March 11, 1978, the trial court's order of September 5 violated the principles announced above and was a nullity.
[3] As counsel for the State understated at the later sentencing hearing, "perhaps the form of the order on August 25, 1978, leaves something to be desired."