409 So.2d 486 (1981)
Johnny D. PELFREY, Appellant,
v.
STATE of Florida, Appellee.
No. 80-1092.
District Court of Appeal of Florida, Fifth District.
September 9, 1981.
As Corrected on Denial of Rehearing February 10, 1982.
James B. Gibson, Public Defender and Lynda Campbell, Asst. Public Defender, Daytona Beach, for appellant.
Johnny D. Pelfrey, pro se.
Jim Smith, Atty. Gen., Tallahassee and C. Michael Barnette, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Judge.
Pursuant to a plea bargain agreement appellant, Pelfrey, pled guilty to two charges of robbery with a firearm and one charge of attempted first degree murder. Pelfrey was sentenced to fifteen (15) years imprisonment for each armed robbery and life imprisonment for the attempted first degree murder. Pelfrey argues that the sentence of life imprisonment for attempted first degree murder is illegal.[1] The State agrees but argues that this incorrect sentence is merely the result of a clerical error.
According to the plea agreement Pelfrey was to receive fifteen (15) years for one armed robbery, fifteen (15) years for attempted first degree murder and life imprisonment for the second armed robbery. The trial judge accepted this agreement at the hearing, but the recorded judgment sentenced Pelfrey to fifteen (15) years for each armed robbery and life imprisonment for the attempted first degree murder.
The lower court order is the recorded judgment and not the hearing transcript. Watt v. State, 323 So.2d 621 (Fla. *487 1st DCA 1975). The Watt court was faced with a similar situation. It concluded that there was no reason to find the formal order was in error because of a discrepancy between the order and the statements in the transcript. This situation is distinguishable from cases where the trial judge sentences a defendant contrary to the "plea bargain" and the defendant seeks on appeal to withdraw his plea, or to reinstate the bargained for sentence. The error in this case, if any, was in Pelfrey's favor, and we cannot direct that a more severe sentence be imposed on remand. United States v. Benz, 282 U.S. 304, 51 S.Ct. 113, 75 L.Ed. 354 (1931); United States v. Best, 571 F.2d 484 (9th Cir.1974); Pahud v. State, 370 So.2d 66 (Fla. 4th DCA 1979); Brown v. State, 264 So.2d 28 (Fla. 1st DCA 1972).
The fifteen (15) year sentences for the armed robberies are within the statutory limits and are affirmed. The sentence for life imprisonment for attempted first degree murder is illegal because it is excessive. We vacate the latter sentence and remand this cause to the trial court for resentencing. Pelfrey raised several other issues in this appeal, but because he pled guilty they are not appropriate for our review. Robinson v. State, 373 So.2d 898 (Fla. 1979). He shall be without prejudice to raise them by way of collateral attack, if appropriate.
AFFIRMED IN PART, AND REMANDED.
ORFINGER and COWART, JJ., concur.

ON MOTION TO SUPPLEMENT THE RECORD ON APPEAL AND ON MOTION FOR REHEARING
SHARP, Judge.
The motions to supplement the record on appeal and for a rehearing having been considered by the court, it is upon consideration,
ORDERED and ADJUDGED that the opinion in this case filed September 9, 1981 is corrected by deleting the last sentence of the first paragraph and substituting the following: The State argues that this incorrect sentence is merely the result of a clerical error.
Otherwise, the motions to supplement the record and for a rehearing are denied.[1]
OPINION CORRECTED; MOTION TO SUPPLEMENT DENIED; REHEARING DENIED.
ORFINGER and COWART, JJ., concur.
NOTES
[1] §§ 782.04(1)(a), 777.04(4)(a), 775.082(3)(b), Fla. Stat. (1979).
[1] Appellee seeks to supplement the record with corrections made by the trial court after the record was transmitted. The appellant, proceeding pro se, has not expressly agreed to the record corrections. The trial court is without jurisdiction to correct the transmitted record. Fla.R.App.P. 9.200(f).

Because public confidence in the fairness of the criminal justice system requires some caution in the exercise of the Scrivener's Error Rule, in the absence of facially obvious clerical error, we decline the opportunity to exercise our discretion and effectively expand exponentially the Scrivener's Error Rule by applying it to both the written sentence and the transcript of the oral pronouncement of sentence.