434 So.2d 33 (1983)
Christopher E. NASH, Appellant,
v.
STATE of Florida, Appellee.
No. 82-2296.
District Court of Appeal of Florida, Second District.
July 6, 1983.
Jerry Hill, Public Defender, Bartow, and Deborah K. Brueckheimer, Asst. Public Defender, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Frank Lester Adams, III, Asst. Atty. Gen., Tampa, for appellee.
HOBSON, Acting Chief Judge.
Christopher Nash appeals his judgment and sentence for aggravated battery. We affirm the conviction but remand for correction of the sentence.
At sentencing in open court, the trial court imposed a five-year term of imprisonment on appellant under section 775.082(3)(d), Florida Statutes (1981), to run concurrently with a fifteen-year probation period imposed in a prior case. Additionally, it assessed him with a $5,000 fine to be paid to the county's fine and forfeiture fund. The written sentencing order, however, does not reflect either imposition of the concurrent sentence or assessment of the fine.
It is settled that a written order of judgment and sentence must not vary from its oral pronouncement. See, e.g., Gatti v. State, 324 So.2d 193 (Fla. 2d DCA 1975). Both parties agree that the written order should be corrected to show that appellant is to serve a concurrent sentence. However, with respect to the $5,000 fine, appellant, who had been adjudicated insolvent prior to trial, argues that the court, by imposing the fine, improperly assessed him *34 with court costs and attorney fees in that proceeds from a county's fine and forfeiture fund are to be paid for criminal expenses, costs and fees. See § 142.01, Fla. Stat. (1981). He points out that Ivory v. State, 419 So.2d 695 (Fla. 2d DCA 1982), Engle v. State, 407 So.2d 641 (Fla. 2d DCA 1981), and Brown v. State, 400 So.2d 510 (Fla. 2d DCA 1981), stand for the proposition that a court may not assess an indigent with court costs and attorney fees.
We refuse to accept appellant's roundabout application of Ivory, Engle and Brown to this case. Regardless of the ultimate disbursement of the proceeds of the fine, such fine is expressly authorized under section 775.083(1)(c) as a penalty in addition to the prison term for the crime which he committed. See Silkey v. State, 356 So.2d 924 (Fla. 2d DCA 1978). Certainly, he must concede that the fact that he is indigent does not preclude imposition of a fine as part of the sentence. Cf. Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970) ("[N]othing ... precludes a judge from imposing on an indigent, as on any defendant, the maximum penalty prescribed by law." 399 U.S. at 243, 90 S.Ct. at 2023). We note that appellant is not without recourse if he is unable to pay the fine promptly. Section 775.083(2) provides that if a defendant is unable to pay such a fine, the court may defer payment until a date certain.
Accordingly, we remand with instructions that the court indicate on the written sentencing order that appellant's five-year prison sentence is to run concurrently with the fifteen-year probation period imposed in the earlier case[1] and that he is to pay the $5,000 fine as part of the sentence.[2] In all other respects we affirm.
AFFIRMED and REMANDED with directions.
RYDER and LEHAN, JJ., concur.
NOTES
[1] The sentencing order refers to the probation term as "Judge Pack's sentence." The court on remand should identify such case with greater clarity.
[2] On remand, the court must also impose a five percent surcharge on the fine. See section 960.25, Florida Statutes (1981).