WENTWORTH, Judge.
Appellant seeks review of the denial of a "Motion to Correct Judgment and Sentence” filed pursuant to Fla.R.Crim.P. 3.800. We affirm the order appealed.
Appellant was convicted and sentenced in 1983 to a 30 year term of imprisonment for the offense of robbery with a firearm or deadly weapon. By a “Motion to Correct Judgment and Sentence” filed in 1985, appellant asserted that the offense had been improperly designated as a life felony, rather than a first degree felony, on the judgment form. Suggesting that this circumstance may have led to an improper exercise of sentencing discretion since the 30 year term imposed is the minimum penalty for a life felony, appellant requested resentencing.
Appellant’s motion referenced Fla.R.Crim.P. 3.800(a), which provides for correction of an illegal sentence “at any time.” However, the 30 year term imposed in the present case is within the lawful limit for the offense of robbery with a firearm or deadly weapon, see §§ 812.-13(2)(a), and 775.082(3)(b), Florida Statutes, and appellant’s sentence is therefore not illegal. Insofar as appellant is seeking to have the court revisit its sentencing discretion, relief should have been sought pursuant to Fla.R.Crim.P. 3.800(b), which provides for reduction or modification of a legal sentence. Cf., Bolt v. State, 376 So.2d 396 (Fla. 1st DCA 1979). However, Rule 3.800(b) expressly limits the time for such action to “within sixty days” after *1110 imposition of sentence or disposition of a direct appeal. Appellant’s motion indicates that it was filed beyond this sixty day period, and the court’s authority to grant relief pursuant to Rule 3.800(b) had thus expired. See State v. Mancil, 354 So.2d 1258 (Fla. 2d DCA 1978). The motion was therefore properly denied.
The order appealed is affirmed.
SHIVERS and WIGGINTON, JJ., concur.