543 So.2d 434 (1989)
Neilsen Arelen WILHELM, Appellant,
v.
STATE of Florida, Appellee.
No. 88-01996.
District Court of Appeal of Florida, Second District.
May 19, 1989.
Raymond R. Pines, Tampa, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joseph R. Bryant, Asst. Atty. Gen., Tampa, for appellee.
ALTENBERND, Judge.
Mr. Wilhelm appeals the denial of his motion to correct illegal sentence. We reverse the trial court because it improperly modified a legal sentence on one count while correctly eliminating illegal sentences on two other counts.
Mr. Wilhelm was charged with two counts of manslaughter by intoxication and two counts of manslaughter by culpable negligence arising out of an automobile *435 accident which resulted in the death of two individuals. He was convicted and sentenced on the four separate counts. On each of the two counts of manslaughter by intoxication, the trial court sentenced him to seven years' imprisonment to run concurrently. On each of the two counts of manslaughter by culpable negligence, the trial court sentenced him to fifteen years' probation to run concurrently, but consecutively to the prison terms.
Approximately one year later, on Mr. Wilhelm's motion to correct illegal sentence as to the last two counts, the trial court correctly determined that those sentences were illegal and should be set aside. See Houser v. State, 474 So.2d 1193 (Fla. 1985); State v. Gibron, 478 So.2d 475 (Fla. 2d DCA 1985). The trial court ordered that the sentence imposed on the last two counts be "merged" with those imposed on the first two counts. The trial court then, sua sponte, set aside the sentence of seven years' imprisonment originally imposed on one of the first counts and instead resentenced Mr. Wilhelm to fifteen years' probation on that count.
Pursuant to Florida Rule of Criminal Procedure 3.800(a), a court may correct an illegal sentence at any time. In the instant matter the court properly concluded that the sentences on the last two counts were illegal and, pursuant to rule 3.800(a), found that the sentences should be set aside.
The trial court, however, improperly proceeded to modify the legal sentence rendered on one of the remaining counts. The trial court's modification was not valid under rule 3.800(a) because the underlying sentence was legal and the rule extends the authority to change a sentence at any time only if the sentence is illegal. Jennings v. State, 478 So.2d 1109 (Fla. 1st DCA 1985), review denied, 488 So.2d 68 (Fla. 1986). In addition, the trial court's modification was not valid under rule 3.800(b) because the modification was made well beyond the sixty days allowed under that rule. Id. at 1110.
This matter is reversed and remanded to the trial court with directions to reinstate the concurrent sentence of seven years' imprisonment originally imposed on count II.
CAMPBELL, C.J., and LEHAN, J., concur.