PER CURIAM.
We vacate the appellant’s sentence and remand for resentencing within the sentencing guidelines. See Shull v. Dugger, 515 So.2d 748 (Fla.1987).
The trial court’s handwritten reason for entering a departure sentence is invalid, since it made no finding concerning any alleged pattern of criminal activity on the part of the appellant. The law is clear that, in order to justify an upward departure, the findings of the trial court concerning the sequential timing of offenses must reflect:
[A] continuing and persistent pattern of criminal activity as evidenced by the timing of each offense in relation to prior offenses and the release from incarceration or other supervision.
State v. Jones, 530 So.2d 53, 56 (Fla.1988).
Accordingly, since the individual act of a criminal nature which is the subject of this case does not, by itself, establish a “pattern” of criminal activity, the sentence must be vacated so as to allow the defen *390 dant to be resentenced within the sentencing guidelines.
Reversed and remanded.