570 So.2d 962 (1990)
Eugene CHANQUET, Appellant,
v.
The STATE of Florida, Appellee.
No. 89-338.
District Court of Appeal of Florida, Third District.
May 1, 1990.
On Motion for Rehearing August 7, 1990.
Bennett H. Brummer, Public Defender, and Linda G. Katsin, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Roberta G. Mandel, Asst. Atty. Gen., for appellee.
Before NESBITT, BASKIN and GODERICH, JJ.
PER CURIAM.
Affirmed. State v. McGriff, 537 So.2d 107 (Fla. 1989); State v. Jones, 530 So.2d 53 (Fla. 1988); Williams v. State, 504 So.2d 392 (Fla. 1987); State v. Sheperd, 479 So.2d 106 (Fla. 1985); § 921.001(5), Fla. Stat. (1987).

ON MOTION FOR REHEARING
The trial court placed Chanquet on community control for committing two burglaries; two months later, the trial court revoked community control and sentenced Chanquet to one year and one day in jail because he committed another substantive crime. Four months after his release, Chanquet committed the crimes for which the trial court imposed three consecutive life sentences. We affirmed. Page 962. In his motion for rehearing, Chanquet argues that the record does not reflect why the trial court had revoked community control: he is correct, although the scoresheet contains a note that Chanquet had previously been convicted of a third degree felony. Marion v. State, 559 So.2d 389 (Fla. *963 3d DCA 1990), dictates that to depart from the sentencing guidelines on the basis of a continuing pattern of criminal activity, the trial court must make specific findings as to the timing of each of Chanquet's four felonies, and the violation of community control, as well as the temporal proximity to the release from jail of the commission of the offenses for which he was convicted. Under State v. Jones, 530 So.2d 53 (Fla. 1988), mere temporal proximity, without more, is insufficient to sustain a departure sentence. Thus, we must vacate Chanquet's sentences.
Finding that the trial court failed to demonstrate a pattern of continuing behavior justifying departure from the guidelines sentence, we grant rehearing, reverse, and remand for resentencing within the guidelines.