SUBSTITUTED OPINION ON MOTION FOR REHEARING
PER CURIAM.
The trial court placed Chanquet on community control for committing two burglaries; two months later, the trial court revoked community control and sentenced Chanquet to one year and one day in jail because he committed another substantive *500 crime. Four months after his release, Chanquet committed the crimes for which the trial court imposed three consecutive life sentences. We affirmed. Chanquet v. State, 570 So.2d 962 (Fla. 3d DCA 1990). In his motion for rehearing, Chanquet argues that the record does not reflect why the trial court had revoked community control: he is correct, although the scoresheet contains a note that Chanquet had previously been convicted of a third degree felony. Marion v. State, 559 So.2d 389 (Fla. 3d DCA 1990), dictates that to depart from the sentencing guidelines on the basis of a continuing pattern of criminal activity, the trial court must make specific findings as to the riming of each of Chanquet’s four felonies, and the violation of community control, as well as the temporal proximity to the release from jail of the commission of the offenses for which he was convicted. Under Smith v. State, 579 So.2d 75 (Fla.1991), mere temporal proximity, without more, is insufficient to sustain a departure sentence. Thus, we must vacate Chan-quet’s sentences.
Finding that the trial court failed to set forth a pattern of continuing behavior justifying departure from the guidelines sentence, we grant rehearing, reverse, and remand for resentencing within the guidelines.