PER CURIAM.
We reverse and remand with directions to vacate the sentence that was imposed on resentencing on count IV, and resentence appellant on count IV to a sentence of no more than 15 years in prison, to run concurrently with the 25-year concurrent sentences in counts I through III. See Cherry v. State, 439 So.2d 998 (Fla. 4th DCA 1983) (increase of lawful sentence prohibited); Wilhelm v. State, 543 So.2d 434 (Fla. 2d DCA 1989) (court may correct illegal sentence at any time but may not modify facially legal sentence on another count); *310 Pelfrey v. State, 409 So.2d 486 (Fla. 5th DCA 1981) (error, if any, in sentence contrary to plea bargain was in defendant’s favor and more severe sentence could not be imposed on remand); Peyton v. State, 383 So.2d 737 (Fla. 3d DCA 1980) (excessive sentence is unlawful only to the extent of its excess).
Additionally, the final judgment should be corrected to reflect that appellant was adjudicated guilty of “attempted” sexual battery rather than sexual battery, in counts I through III.
REVERSED and REMANDED.
DELL, GUNTHER and FARMER, JJ., concur.