633 So.2d 1171 (1994)
Carl WATSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 93-797.
District Court of Appeal of Florida, Third District.
March 22, 1994.
*1172 Charles L. Everett, Miramar, for appellant.
Robert A. Butterworth, Atty. Gen., and Richard L. Polin, Asst. Atty. Gen., and Keith S. Kromash, Certified Legal Intern, for appellee.
Before BASKIN, GERSTEN and GODERICH, JJ.
PER CURIAM.
Appellant, Charles Watson, appeals the corrected sentences imposed by the trial court. We affirm in part, reverse in part, and remand for resentencing.
Watson was charged with burglary (count I), grand theft (count II), criminal mischief (count III), and resisting an officer without violence (count IV). In exchange for a guilty plea, the court offered to sentence Watson to three hundred and sixty-four days in the county jail and a referral to the T.A.S.C. drug treatment program.
Watson accepted the court's offer but requested a two day furlough prior to sentencing. The court agreed to Watson's furlough request on the condition that he plead guilty to a thirty year sentence with mitigation to three hundred sixty-four days with T.A.S.C. upon timely appearance for sentencing. The court explained that the thirty year sentence was outside the sentencing guidelines. Watson agreed and accepted the terms of the plea.
Watson failed to appear for sentencing. In absentia, the trial court announced that it would enter a judgment and sentence for thirty years. However, the trial court made no reference as to which counts the thirty year sentence would be imposed upon. Further, the court did not orally suspend entry of sentence as to any count.
In the sentencing order signed by the judge, Watson was sentenced to a thirty year concurrent sentence as to counts I and II, with a suspended entry of sentence as to counts III and IV.
During a subsequent term of court, Watson moved to correct an illegal sentence. Watson claimed that the sentences imposed on counts I and II were illegal because they exceeded the five year statutory maximum penalty for a third degree felony.
At the hearing on the motion, the trial judge agreed that the thirty year sentence was illegal and set aside the sentences imposed on all four counts. Watson objected to the court setting aside the suspended entry of sentences on counts III and IV. The court stated that the clerk's office suspended entry of sentence on those two counts on its *1173 own because the minutes show that the court did not suspend entry of sentence. The court then corrected the sentence on all four counts. Over defense objection, the court sentenced Watson to five years each on counts I through III, and three hundred sixty-four days on count IV with all sentences to run consecutive to each other.
Of Watson's two issues on appeal, one merits discussion. He asserts that the trial court imposed an illegal sentence when resentencing him on the counts which the court previously had suspended entry of sentence.
The State counters that the court correctly resentenced Watson because the suspended entry of sentence was due to a clerical mistake. We disagree.
Several legal principles apply to this case. First, under Florida Rule of Criminal Procedure 3.800, although an illegal sentence can be corrected at any time, a court may only reduce or modify a legal sentence imposed by it within sixty days after such imposition. Washington v. State, 585 So.2d 433 (Fla. 3d DCA 1991); State v. Rhodes, 554 So.2d 1229 (Fla. 2d DCA 1990).
Accordingly, the court properly corrected the thirty year illegal sentences imposed on counts I and II. Since the suspended sentences were legal, absent a clerical mistake, the court was without jurisdiction to correct those sentences.
Second, it is well settled that a court has control over its judgments and decrees during the term in which they are rendered, and may vacate, modify, or set them aside in the absence of statutory or constitutional restrictions. Floyd v. State ex rel. La Vigne Elec. Co., 139 So.2d 873, 875 (Fla. 1962); Lewis v. Jennings, 64 So.2d 275, 277 (Fla. 1953).
Third, the term of court had expired at the time of resentencing and Watson had already begun serving his sentence. Ex parte Bosso, 41 So.2d 322 (Fla. 1949).
We recognize that courts are authorized to correct clerical errors in their orders and judgments even after the term expires. Boggs v. Wainwright, 223 So.2d 316 (Fla. 1969). However, where there is a conflict between the deputy clerk's minutes and a later order of the court, the order prevails. Peyton v. State, 383 So.2d 737, 739 (Fla. 3d DCA 1980).
In this case there is insufficient record evidence to conclude that the court's written order suspending entry of sentence was a clerical error. Watt v. State, 323 So.2d 621, 622 (Fla. 1st DCA 1975). The trial court indicated that the suspended sentences imposed on counts III and IV were imposed pursuant to a clerical error without the court's knowledge. Although there was no testimony presented in opposition to refute the court's statement, we cannot ignore the fact that the written, signed, filed and recorded judgment and sentence reflected that the trial judge suspended sentence on these two counts. See id.
Therefore, because the court suspended entry of sentence on counts III and IV which were legal sentences, and because the term of court had expired, the trial court erred in imposing a harsher sentence. See Fasenmyer v. State, 457 So.2d 1361 (Fla. 1984); see also Pelfrey v. State, 409 So.2d 486 (Fla. 5th DCA 1981).
Accordingly, we affirm the sentences imposed on counts I and II, and reverse the sentences imposed on counts III and IV with directions to enter a corrected sentencing order suspending entry of sentence on those counts.
Affirmed in part, reversed in part, and remanded.