COBB, Judge.
The issue on this appeal concerns the state’s attempt to modify the defendant’s sentence through the elimination of gain time.
On December 14, 1992, the defendant’s probation was revoked and he was sentenced to 4⅜ years incarceration with 3 years and 43 days credit. Seven months later, after receiving some type of correspondence from the Department of Corrections, the state filed a “Motion to Correct Illegal Sentence” which claimed that the defendant was not entitled to 369 days credit for time not served due to early release. On October 20, 1993, the trial court granted the state’s motion and entered a modified sentence to reflect a reduction in the defendant’s jail credit time.
Generally, section 948.06(6), Florida Statutes (1991) gives the trial court discretion not to award gain time credit as part of “credit for time served.” This can be achieved merely by forfeiting a defendant’s gain time at the time probation is revoked. Bradley v. State, 616 So.2d 1156 (Fla. 2d DCA 1993).
In the instant ease, it is clear that neither the Department of Corrections[1] nor the trial court exercised its statutory discretion at the time probation was revoked. Hence, the sentence was legal in this respect. The Department of Corrections’ belated attempt to arrange a forfeiture some seven months later, by having the state file a “Motion to Correct Illegal Sentence,” was inappropriate and should have been denied by the trial court. Additionally, there was no clerical error in the computation of “credit for time served.”
Accordingly, the October, 1993 modification is reversed and the trial court is instructed to reinstate the December, 1992 sentence.
REVERSED AND REMANDED WITH INSTRUCTIONS.
HARRIS, CJ., and THOMPSON, J., concur.

. Initially, the power to forfeit gain time upon revocation of probation was within the exclusive province of the Department of Corrections. Calhoun v. State, 522 So.2d 509 (Fla. 1st DCA 1988); § 944.28(1).