646 So.2d 834 (1994)
Eugene CHANQUET, Appellant,
v.
The STATE of Florida, Appellee.
No. 94-1175.
District Court of Appeal of Florida, Third District.
December 14, 1994.
Eugene Chanquet, in pro. per.
Robert A. Butterworth, Atty. Gen., and Michael J. Neimand, Asst. Atty. Gen., for appellee.
Before BARKDULL, COPE and GODERICH, JJ.
PER CURIAM.
Eugene Chanquet appeals an order denying his motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a). We affirm.
*835 Defendant Chanquet was convicted of three felonies and the trial court entered departure sentences of life imprisonment. On direct appeal the convictions were affirmed, but the departure sentences were vacated and the cause remanded for resentencing within the sentencing guidelines. Chanquet v. State, 570 So.2d 962 (Fla. 3d DCA 1990), opinion superseded on rehearing, 586 So.2d 499 (Fla. 3d DCA 1991). On remand defendant was sentenced to concurrent terms of 27 years for each of the three felonies.[1]
In 1994 defendant filed his motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a). The motion raised two points.
Defendant first contended that his sentence for kidnapping was illegal. In this case the defendant's kidnapping charge under subsection 787.01(1), Florida Statutes (1987), was a first degree felony punishable by life imprisonment. Id. § 787.01(2). The offense was enhanced to a life felony by virtue of subsection 775.087(1), Florida Statutes (1987). Defendant contends that the jury verdict form on the kidnapping count did not contain a sufficiently specific jury finding that the defendant had possessed a weapon, or committed an aggravated battery, during the kidnapping offense, see id. § 775.087(1), so as to allow reclassification of the kidnapping offense to a life felony. Defendant argues that the alleged deficiency in the jury finding renders the sentence illegal for purposes of Rule 3.800(a). He requests that the reclassification be stricken and that his sentencing guidelines scoresheet be recalculated accordingly.
Defendant's claim is not properly cognizable under Rule 3.800(a). Here, the judgment reflects that defendant was convicted of violation of sections 787.01 and 775.087, Florida Statutes (1987). The judgment classifies the degree of crime as a life felony. The offense was scored as a life felony on the guidelines scoresheet. Defendant's sentence is within the legal maximum, and there is no facial calculation error on the guidelines scoresheet. In essence the defendant is attempting to challenge the sufficiency of the jury verdict to support the reclassification. That is not a proper subject for a motion under Rule 3.800(a). See Fla.R.Crim.P. 3.800(a); Gartrell v. State, 626 So.2d 1364, 1365 (Fla. 1993); State v. F.G., 630 So.2d 581, 583 (Fla. 3d DCA 1993), opinion adopted, 638 So.2d 515 (Fla. 1994); Judge v. State, 596 So.2d 73, 76-77 (Fla. 2d DCA 1991) (en banc), review denied, 613 So.2d 5 (Fla. 1992); Jennings v. State, 478 So.2d 1109 (Fla. 1st DCA 1985), review denied, 488 So.2d 68 (Fla. 1986).
Assuming, without deciding, that defendant's second issue is cognizable under Rule 3.800(a), the defendant's argument is without merit. The offense of burglary of a conveyance with an assault is a first degree felony punishable by life. § 810.02(2)(a), Fla. Stat. (1987). It was properly scored.
Finally, assuming arguendo that defendant's position on both points had merit, and that defendant's point score was reduced for both convictions, defendant's 27-year sentences would still be in the permitted range.
Affirmed.
NOTES
[1] On remand the defendant was the beneficiary of a sentencing error. At resentencing the trial court was informed that the defendant's sentencing guidelines range was 22 to 27 years. The court imposed a 27-year sentence on each count.

In proceeding as it did, the trial court was under the erroneous impression that the correct guidelines range for the defendant was the recommended range of 22 to 27 years. However, defendant had committed his crimes on October 8, 1988. For crimes committed after October 1, 1988, the trial court was allowed to use the permitted range, see Ch. 88-131, §§ 1, 9, at 700, 710, Laws of Fla.; Florida Rules of Criminal Procedure re: Sentencing Guidelines (Rules 3.701 & 3.988), 522 So.2d 374 (Fla. 1988), and defendant's permitted range was 12 to 40 years. Since the trial court had previously imposed a departure sentence of life imprisonment, it is abundantly clear that on remand the trial court desired to impose the maximum guidelines sentence. Accordingly, had the trial court been correctly informed about the defendant's guidelines range, clearly the trial court would have imposed a 40-year sentence on counts 2 and 3. On count 1 the legal maximum was 30 years.