MICKLE, Judge.
Manuel Michael Brannan, Jr., appeals a trial court order modifying his sentence imposed following revocation of probation. Because we believe the trial court was without jurisdiction to correct the original sentence imposed upon revocation of probation, we remand with directions to reinstate the original sentence.
Brannan pled guilty to the charges of DUI manslaughter and possession of cannabis. On February 4, 1992, he was sentenced under the Youthful Offender Act to 5 years’ imprisonment followed by 10 years’ probation on the manslaughter count and to six months’ probation on the possession count. No appeal was taken from this sentence. Brannan was released approximately seven months later, following successful completion of the boot camp program, and was placed on probation. On July 20, 1993, Brannan’s probation was revoked and he was sentenced to 10 years’ incarceration, with credit for 5 years’ time served, followed by 5 years’ probation. No appeal was taken from this sentence.
On August 18, 1993, the trial court received correspondence from the Department of Corrections (DOC) pointing out that Bran-nan had not been released early on the original sentence as a result of the application of gain time but, instead, had been released following completion of boot camp. The DOC set forth a schedule of actual time served and credits applied and suggested that Brannan was not entitled upon resen-tencing following revocation of probation to an award of 5 years’ credit for time served.
On December 8, 1993, some five months after Brannan had been sentenced following revocation of probation, the trial court entered an order modifying this sentence. Concluding that the award of 5 years for time served amounted to an illegal sentence, and predicating jurisdiction to rehear the issue on Fla.R.Crim.P. 3.800, the trial court withdrew the award of 5 years’ credit for time served and instead ordered the DOC to apply credit for time actually served on the previous 5-year sentence plus any nonforfeit-ed gain time actually earned during that period.
On appeal, Brannan argues the trial court was without jurisdiction to modify the original violation of probation sentence. We *752 agree. Fla.R.Crim.P. 3.800(a) provides that a court may at any time correct an illegal sentence imposed by it or an incorrect calculation made by it in a sentencing scoresheet. Subsection (b) of that rule authorizes the trial court to reduce or modify a legal sentence imposed by it within 60 days after such imposition. Herein, the first sentence imposed following revocation of probation, granting 5 years’ credit for time served, was not illegal on its face, nor did the trial court exercise its discretion to modify the sentence within 60 days after imposition thereof. As a result, the trial court was without jurisdiction to correct the original award of credit for time served. Any belated attempt to forfeit the original grant of gain time was error. See Gartrell v. State, 626 So.2d 1364 (Fla. 1993); Bowens v. State, 645 So.2d 18 (Fla. 5th DCA 1994).
Accordingly, the December 8,1993, modification is reversed, and the trial court is instructed to reinstate the July 20, 1993, sentence. In all other respects, the original judgment and sentence, and the judgment and sentence imposed upon violation of probation, are affirmed.
BOOTH and WOLF, JJ., concur.