825 So.2d 1021 (2002)
Tony JACKSON, Appellant,
v.
STATE of Florida, Appellee.
No. 1D01-2967.
District Court of Appeal of Florida, First District.
September 6, 2002.
*1022 Nancy A. Daniels, Public Defender; and Glen P. Gifford, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; and Thomas H. Duffy, Assistant Attorney General, Tallahassee, for Appellee.
BROWNING, J.
Appellant appeals the sentences imposed by the trial court in response to Appellant's motion for postconviction relief. In his motion, Appellant requested an evidentiary hearing and alleged he was sentenced to four consecutive ten-year habitual felony offender (HFO) sentences for crimes committed during a single criminal episode. The trial court denied an evidentiary hearing and modified Appellant's sentences by removing the HFO designation from two of the four counts for which Appellant had been sentenced. The sentences in all other respects remained the same. The trial court did not address Appellant's contention that his offenses occurred during a single criminal episode.
On appeal, Appellant argues, among other things, that the trial court lacked jurisdiction to modify the sentences because more than sixty days had passed since their imposition. Further, Appellant argues the HFO sentences, individually, are not illegal, but the total sentence is illegal to the extent the terms run consecutively, as they arise from a single criminal episode. The State argues the modification is lawful. We agree with Appellant and reverse and remand.
HFO sentences for offenses occurring during the same criminal episode must run concurrently. Hale v. State, 630 So.2d 521, 524 (Fla.1993); Valdes v. State, 765 So.2d 954 (Fla. 1st DCA 2000) (stating consecutive HFO sentences for offenses *1023 occurring during the same criminal episode are illegal.) Although a trial court may correct an illegal sentence at any time, Fla. R.Crim. P. 3.800(a); Moore v. State, 768 So.2d 1140, 1143 (Fla. 1st DCA 2000), a court is without jurisdiction to modify a facially legal sentence imposed by it more than sixty days after its imposition. Brannan v. State, 651 So.2d 751, 752 (Fla. 1st DCA 1995); McLemore v. State, 638 So.2d 610, 611-612 (Fla. 1st DCA 1994); Vazquez v. State, 595 So.2d 309 (Fla. 4th DCA 1992), citing Wilhelm v. State, 543 So.2d 434 (Fla. 2d DCA 1989)(stating court may correct illegal sentence at any time but may not modify facially legal sentence on another count).
Here, Appellant's HFO sentences, individually, are not illegal, and therefore cannot be reduced as attempted by the trial court, as sixty days had transpired since the imposition of sentence, and it lacks jurisdiction to effect such a change. Carter v. State, 786 So.2d 1173, 1181 (Fla.2001). However, that portion of Appellant's sentence imposing consecutive punishment is illegal and must be corrected for those offenses that occurred during the same criminal episode. Brannan, 651 So.2d at 752.
Accordingly, we reverse and remand. Upon remand, the trial court shall attach portions of the files and records that conclusively show that the Appellant is not entitled to relief, or conduct an evidentiary hearing to determine whether Appellant's offenses occurred during a single criminal episode and if so determined, the trial court shall resentence Appellant in conformity with Hale.
REVERSED AND REMANDED.
BOOTH and POLSTON, JJ. concur.