VILLANTI, Judge.
Kendrick Devlin appeals the summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). On April 10, 1992, Devlin pleaded guilty to delivery of cocaine in trial court case number 91-17266. The trial court sentenced him to twelve years in prison, suspended, and placed him on twenty-four months’ community control followed by three years’ probation. Devlin violated his community control by committing two new offenses in case number 93-03010. On July 28, 1993, the trial court imposed the suspended sentence of twelve years in prison in ease number 91-17266. In case number 93-03010, the trial court sentenced Devlin as a habitual felony offender to twenty-five years in prison followed by five years’ probation on the first count and to five years in prison on the second count.
Devlin filed a motion to correct illegal sentence in case number 93-03010. The trial court denied the motion as to case number 93-03010, and we affirm the denial without discussion.
In case number 91-17266, on its own motion and without the State having filed a rule 3.800(a) motion raising this claim, the *1070 trial court amended the written sentence to reflect that Devlin was sentenced as a habitual felony offender. The trial court relied on the case progress report, the written plea agreement and accompanying documents, all of which indicated that Dev-lin was sentenced as a habitual felony offender. The trial court, however, did not obtain a transcript of the sentencing hearing to confirm that the oral imposition of sentence included a habitual offender designation that was omitted from the written sentence.
The State did not raise this claim on direct appeal. It admits that a rule 3.800(a) motion would now be barred by laches because a transcript of the sentencing hearing is now unavailable. We do not need to decide whether the trial court could, on its own motion, add a habitual offender designation to Devlin’s sentence at this late date based upon the content of the transcript of the sentencing hearing. Nothing in the law allows the trial court to revise a facially lawful sentence more than ten years after its entry based on conflicting documents in the court file. Therefore, we reverse the trial court’s order amending Devlin’s judgment and sentence in case number 91-17266 and remand for the trial court to reinstate Devlin’s original nonhabitual felony offender sentence.
Affirmed in part, reversed in part, and remanded.
ALTENBERND, C.J. and KELLY, J., Concur.