PER CURIAM.
This is an appeal of an order denying a motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a). Defendant-appellant Aroche maintains that counts five and six, second-degree felony murder, should not have been enhanced to life felonies on account of possession of a weapon or firearm. See § 775.087, Fla. Stat. (1993). Assuming no procedural bar, but see Chanquet v. State, 646 So.2d 834 (Fla. 3d DCA 1994), the rules have changed. The defendant relies on State v. Overfelt, 457 So.2d 1385 (Fla.1984), and its progeny. However, in 2007, the Supreme Court announced Galindez v. State, 955 So.2d 517, 522-23 (Fla.2007), which holds that where an interrogatory verdict is insufficient under Overfelt, the error is subject to harmless error analysis. Having taken judicial notice of the briefs from the defendant’s direct appeal of judgment and sentence, there was evidence before the jury that the defendant was in possession of a weapon during the charged crimes. The defendant’s claims were properly denied.
Affirmed.