BLACK, Judge.
The State of Florida appeals the sentence imposed after the postconviction court granted Carolyn Stewart’s motion to modify sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(c). We have jurisdiction. § 924.07(l)(e), Fla. Stat. (2011).
After a jury trial, Stewart was convicted of poisoning food and water in violation of section 859.01, Florida Statutes (2004), and battery in violation of section 784.03, Florida Statutes (2004). The court sentenced her to fifteen years in prison followed by five years’ probation. This court affirmed the judgment and sentence and the mandate issued on May 18, 2006. Stewart v. State, 928 So.2d 1231 (Fla. 2d DCA 2006) (table). Stewart filed a motion to modify sentence pursuant to rule 3.800(c) on April 1, 2011, and an amended motion to modify sentence on May 16, 2011. After a hearing, the court granted the motion and reduced her sentence to ten years’ incarceration followed by ten years’ probation. Because the postconviction court lacked jurisdiction to reduce the sentence, we reverse.
A motion to reduce or modify a sentence must be filed “within 60 days after receipt by the court of a mandate issued by the court on affirmance of the judgment and/or sentence on an original appeal.” Fla. R. Crim. P. 3.800(c). Although Stewart sought collateral postcon-viction relief after our mandate issued, she did not pursue further appellate review of her judgment and sentence. Accordingly, jurisdiction returned to the trial court to hear the rule 3.800(c) motion on May 18, 2006, the date the mandate issued from this court. Stewart had sixty days from that date to seek modification of her sentence. See Joseph v. State, 835 So.2d 1221, 1221 (Fla. 5th DCA 2003) (holding that a judgment and sentence become final when direct review proceedings are concluded and jurisdiction returns to the trial court to entertain motions for postconviction relief). The motion at issue in this appeal was filed six years after the case became final.
Because the motion was untimely filed, the postconviction court did not have jurisdiction to modify the sentence. See Devlin v. State, 892 So.2d 1069, 1069 (Fla. 2d DCA 2004) (holding that nothing in the law allows the trial court to modify a legal sentence ten years after its entry based on conflicting documents in the court file); Howard v. State, 914 So.2d 455, 456 (Fla. 4th DCA 2005) (holding that the trial court lacked jurisdiction to rule on a 3.800(c) motion filed one day late); Jackson v. State, 825 So.2d 1021, 1023 (Fla. 1st DCA 2002) (holding that the court lacked jurisdiction to modify HFO sentences where sentences were not illegal and sixty days had transpired since imposition of the sentence). “When a trial court imposes a sentence without having jurisdiction, the sentence is illegal....” Laster v. State, 805 *657 So.2d 909, 910 (Fla. 2d DCA 2001). Therefore, we reverse the entry of the modified sentence and remand for the original sentence to be reinstated.
Reversed and remanded.
NORTHCUTT and MORRIS, JJ., Concur.