IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

STATE OF FLORIDA,

          Appellant,

  v.

                        Case No.  5D21-1834
                        LT Case No. 48-2006-CF-012768-O

TIMOTHY DONALD JANES,

          Appellee.

_____/

Opinion filed November 21, 2022

Appeal from the Circuit Court
for Orange County,
Mark S. Blechman, Judge.

Ashley Moody, Attorney General,
Tallahassee, and Richard Alexander
Pallas, Jr., Assistant Attorney
General, Daytona Beach, for
Appellant.

William R. Ponall, of Ponall Law,
Maitland, for Appellee.

EDWARDS, J.

As part of a de novo resentencing to correct previously imposed illegal sentences on certain counts, may the postconviction court restructure legal sentences on other counts? Appellant, the State, argues that the answer is no, and we agree. The authority to resentence de novo, once the sixty-day time frame set forth in Florida Rule of Criminal Procedure 3.800(c) has expired, applies only to those counts on which illegal sentences were previously imposed and does not extend to permit the postconviction court to alter any legal sentence on any other count.

## Background

Following a jury trial, Appellee, Timothy Donald Janes, was found guilty of ten counts of child sex crimes. In 2007, the trial judge made an oral pronouncement of sentences totaling sixty years in prison, and Appellee was also designated as a sexual predator. His initial plenary appeal was affirmed. *Janes v. State*, 985 So. 2d 548 (Fla. 5th DCA 2008).

In 2018, Appellee, through counsel, filed a rule 3.800(a) motion in which he challenged the legality of the sentences imposed on Counts 6, 10, and 11 as exceeding the applicable statutory maximum lengths. Additionally, Appellee argued that the eighty-year written sentence inappropriately differed from the sixty-year sentence orally pronounced originally by the trial court. Further, Appellee asserted in his rule 3.800(a) motion that his

sentence on Count 7 was illegal because the trial court had failed to orally pronounce any sentence as to that count. Although Appellee raised other arguments, he did not challenge the legality of the length or nature of the prison sentences imposed on Counts 2, 3, 4, 5, and 9, each of which were concurrent with each other and consecutive to Count 6. Nor did the State at any point concede to any illegal sentencing as to those just-listed counts.

In 2019, the first postconviction court granted Appellee's motion in part "to the extent that [Appellee] will be resentenced to clarify the discrepancy between the oral pronouncement and the written sentence, and the sentence length of counts 6 and 11." All other claims were denied in the written order.[1]

Resentencing did not actually occur until 2021 before a second postconviction judge. Commendably, the State conceded that Appellee should be resentenced so that the oral pronouncement controlled and no sentences exceeded statutory maximums. Additionally, despite the 2019 resentencing order not directing relief as to Counts 8 and 10, the State conceded that Appellee should also be resentenced on those counts as they exceeded the relevant statutory maximums and were thus illegal sentences. In summary, the State agreed that Appellee was entitled to resentencing

---

[1] Appellee's other postconviction claims of sentencing score sheet errors, double jeopardy issues, etc., have not been challenged by means of cross-appeal.

specifically on Counts 6, 7, 8, 10, and 11 along with revising the written total sentence of eighty-years' imprisonment to conform with the sixty-year oral pronouncement.

In the 2021 resentencing hearing, at Appellee's request and over the State's objection, the postconviction court resentenced Appellee in a truly de novo fashion in which it restructured both illegally and legally imposed sentences. As to Counts 2, 3, and 9, the postconviction court changed the originally imposed legal sentences of fifteen-years' imprisonment to fifteen years of sex offender probation. Likewise, the postconviction court restructured the legally imposed sentences on Counts 4 and 5 of five years' imprisonment to an unspecified term of sex offender probation.

The terms of imprisonment originally imposed on Counts 3, 4, 5, and 9 were originally ordered to be served concurrently with Count 2 and each other but consecutively to the sentence for Count 6. The originally imposed prison sentences for those counts did not cause the total sentence to exceed the oral pronouncement of sixty years when combined with the new sentences properly imposed by the postconviction court on Counts 6, 7, 8, 10, and 11. The postconviction court did not declare the original sentences in Counts 2, 3, 4, 5, and 9 to be illegal in any fashion, nor did it indicate any

4

legal reason for changing the nature of the terms from imprisonment to probation.[2]

<u>Analysis</u>

The legality of a criminal sentence is reviewed de novo. *Abraham v. State*, 339 So. 3d 370, 371 (Fla. 4th DCA 2022) (citing *Cruz v. State*, 189 So. 3d 822, 832 (Fla. 4th DCA 2015)).

The State agrees that the postconviction court could resentence in a truly de novo fashion so as to restructure any illegal sentence that had previously been imposed on any count, within the parameters provided by law. On the other hand, the State argues that the postconviction court committed reversible error because it lacked authority to restructure any of the legal sentences originally imposed on Counts 2, 3, 4, 5, and 9. We agree.

While an illegal sentence can be corrected at any time, a court loses jurisdiction to modify a legal sentence after sixty days have passed since its

---

[2] Although not relevant to our disposition of this case, we note that the issue raised by the parties here, of whether an order granting resentencing under rule 3.800, such as the 2019 order granting resentencing in part in this case, is a final, appealable order or subject to reconsideration prior to imposing the corrected sentence, has recently been addressed in *Morgan v. State*, 47 Fla. L. Weekly S273 (Fla. Nov. 3, 2022). The Florida Supreme Court held that it is not a final order and noted its disapproval of this Court's decision in *Magill v. State*, 287 So. 3d 1262 (Fla. 5th DCA 2019), and its progeny. *Morgan,* 47 Fla. L. Weekly at S273.

imposition. Fla. R. Crim. P. 3.800(a), (c); *Jackson v. State*, 825 So. 2d 1021, 1023 (Fla. 1st DCA 2002). Moreover, a rule 3.800(a) motion does not provide a court with jurisdiction to modify a legal sentence imposed on a count, even if the sentence for another count was found to be illegal. *See Pitts v. State*, 935 So. 2d 634, 635 (Fla. 2d DCA 2006) ("A motion to correct an illegal sentence does not authorize the trial court to modify a legal sentence imposed on another count."); *see also Gordon v. State*, 635 So. 2d 1017, 1017 (Fla. 1st DCA 1994) (holding where some counts were affirmed on appeal and others were vacated, the trial court only had authority to modify the vacated sentences and not the legal sentences on the affirmed counts); *Seago v. State*, 627 So. 2d 1316, 1316 (Fla. 2d DCA 1993) ("[A] trial court, when correcting an illegal sentence on one count of an information, does not have the authority to modify legal sentences that have been rendered on the other counts."). When a court is without jurisdiction to impose a sentence, the imposed sentence is illegal. *Laster v. State*, 805 So. 2d 909, 910 (Fla. 2d DCA 2001).

## Conclusion

The postconviction court lacked authority to restructure the original, legal sentences imposed on Counts 2, 3, 4, 5, and 9. Accordingly, we

6

reverse and remand for the postconviction court to reinstate the original sentences for those counts in all respects.

REVERSED and REMANDED WITH INSTRUCTIONS.

WALLIS and NARDELLA, JJ., concur.