389 So.2d 696 (1980)
Willie Leroy ROYAL, Appellant,
v.
STATE of Florida, Appellee.
No. 79-2118.
District Court of Appeal of Florida, Second District.
October 29, 1980.
Thomas Sabella, Jr., Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee and G.P. Waldbart, Asst. Atty. Gen., Tampa, for appellee.
HOBSON, Acting Chief Judge.
Appellant Willie Leroy Royal appeals a 15-year sentence for third-degree murder.
Subsequent to the entry of an order waiving juvenile jurisdiction, an information was filed in circuit court charging appellant with second-degree murder. After trial, the jury returned a verdict of guilty of murder in the third degree and the court set sentencing for September 13, 1979. Appellant filed a motion for a new trial, which motion was denied. Sentencing was continued until September 17 in order to have representatives of HRS present. On that date, the trial judge adjudicated appellant guilty of murder in the third degree and imposed a sentence of five years imprisonment. The following day, while appellant's attorney was unavailable, appellant was brought before the court in the presence of the attorney who had assisted at trial. The court set aside the five-year sentence and imposed the maximum sentence of 15 years, explaining that either the sentence had been misunderstood or the court had been mistaken in imposing the five-year sentence.
*697 On September 19, appellant's trial counsel appeared before the court to be heard on the matter of resentencing. At that time appellant's counsel made an oral motion to set aside the 15-year sentence. The court denied the motion and reimposed the 15-year sentence.
Florida Rule of Criminal Procedure 3.800 provides, (a) that a court may at any time correct an illegal sentence, and (b) that a court may reduce a legal sentence within certain time limits. There is no provision in the rules of criminal procedure for the subsequent enhancement of a legal sentence.
In view of the fact that the original five-year sentence was a legal sentence, the trial judge erred in resentencing appellant to 15 years imprisonment.
For the reasons stated, we hereby set aside the 15-year sentence and remand this cause with instructions for the trial judge to reinstate the original five-year sentence.
BOARDMAN and RYDER, JJ., concur.