523 So.2d 1244 (1988)
Andre GILMORE, Appellant,
v.
STATE of Florida, Appellee.
No. 87-873.
District Court of Appeal of Florida, Second District.
April 22, 1988.
James Marion Moorman, Public Defender and Stephen Krosschell, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and William I. Munsey, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Acting Chief Judge.
In 1984, appellant was adjudicated guilty of manslaughter and unarmed robbery. He was sentenced as a youthful offender to three years' incarceration to be followed by two years' community control. He was released from prison in January 1986. In July of the same year, he was charged with violating his community control. The violation affidavit filed alleged that appellant did not file his monthly reports, did not pay his costs of supervision and that appellant committed the offense of lewd and lascivious assault on a minor.
At a revocation hearing, the trial court found appellant (1) had failed to file monthly reports, (2) did not have the ability to pay costs and (3) had pleaded guilty to a misdemeanor battery on the assault charge. The trial court ordered appellant's community control revoked and sentenced him to eighteen months in prison with credit for time served.
A few weeks after sentencing, the trial court was informed that the sentence imposed upon appellant would result in his immediate release because credit for time served was much greater than the eighteen-month sentence imposed. The trial court thereupon modified the sentence, giving appellant credit for only the time served since the October 1986 arrest for the violation of community control.
Appellant raises two issues on appeal. First, he argues that the trial court erred in revoking his community control because he was not charged with violating his community control by committing a battery. The battery was a lesser included offense of the assault, with which he was charged. We find no error in the trial court taking judicial notice of the battery plea. We affirm the trial court's oral pronouncement of the order of revocation. Appellant correctly points out that the written order does not conform with the trial *1245 court's oral pronouncements. See generally Beal v. State, 478 So.2d 401 (Fla. 2d DCA 1985). Accordingly, we remand the cause with instructions that the trial court conform the written order to its oral pronouncements.
Appellant next argues that once the trial court pronounced sentence, it could not modify the sentence unless it was illegal or unless it was reduced. The state answers that the court can modify an improper sentence and that the modification did not increase appellant's sentence. Appellant is correct on this point.
Even though the trial court's original sentence may not have resulted in the outcome the trial court intended, it was still a legal sentence. The modified sentence would send appellant to prison. The original sentence would have set him free. The modification was clearly an enhancement. "There is no provision in the Rules of Criminal Procedure for the subsequent enhancement of a legal sentence." Royal v. State, 389 So.2d 696, 697 (Fla. 2d DCA 1980). See also Hinton v. State, 446 So.2d 712, 713, n. 1 (Fla. 2d DCA 1984). We reverse the trial court's modification of appellant's sentence and remand for reinstatement of the sentence pronounced on December 17, 1986.
Affirmed in part; reversed in part and remanded with instructions.
CAMPBELL and THREADGILL, JJ., concur.