LEVY, Judge.
Mario Del Rio, the defendant below, entered a plea of guilty, at his first appearance hearing, to a charge of violation of probation and was sentenced to thirty days in jail with credit for thirty days time served. Thereafter, the defendant was *767 brought before a different judge who sua sponte vacated the first appearance plea and sentence, accepted the defendant’s reaffirmation of the earlier entered plea to the violation, and imposed a sentence of sixty days in jail with sixty days credit for time served.[1] We reverse.
The court did not have the authority to increase the previously imposed legal sentence. Gilmore v. State, 523 So.2d 1244 (Fla.2d DCA 1988); Hinton v. State, 446 So.2d 712 (Fla.2d DCA 1984); Royal v. State, 389 So.2d 696 (Fla.2d DCA 1980). Such resentencing violates the defendant’s constitutional guarantee against double jeopardy and must be vacated. Fasenmyer v. State, 457 So.2d 1361 (Fla.1984), cert. denied, 470 U.S. 1035, 105 S.Ct. 1407, 84 L.Ed.2d 796 (1985); Troupe v. Rowe, 283 So.2d 857 (Fla.1973); Hardwick v. State, 357 So.2d 265 (Fla.3d DCA 1978).
The State argues that this issue is moot, claiming that the defendant has not been injured by having been sentenced to sixty days with sixty days credit for time served, as opposed to having been sentenced to thirty days'with thirty days credit for time served. We reject this argument in view of the fact that there appears to be a dispute about how many days the defendant actually served in the county jail and for which he is entitled to credit.
Accordingly, we reverse and remand for reinstatement of the first sentence.

. The following dialogue took place between the court and the defendant:
THE COURT: Do you have any questions about what is going on here?
THE DEFENDANT: Yes, sir.
THE COURT: What is that?
THE DEFENDANT: I pled to all of this. I pled guilty to all of it.
THE COURT: I understand. But there appears not a record of it, or at least an official record of those proceedings. Since first appearances are not reported, and it impresses me that an admission to a violation of probation needs to be a matter of record, I have vacated and set aside that proceeding and we are taking it all over again.
Do you understand that you could get 60 days for this?
THE DEFENDANT Yes, sir.
THE COURT: This is what you want to do, all things considered?
THE DEFENDANT: I have been sentenced.