PER CURIAM.
Defendant below appeals the trial court’s revocation of community control and its upward departure sentence on written order. We affirm the revocation of community control, but find that the upward departure cannot be sustained.
In May, 1985, while he allegedly was under the influence of alcohol and/or drugs, appellant used his car to run down an acquaintance. He also struck a child on a bicycle and a bystander. After hitting his acquaintance, appellant got out of his car and inflicted additional serious and permanent injuries on the acquaintance by kicking him. In February, 1987, a jury convicted appellant of the attempted second degree murder of his acquaintance and of culpable negligence as to the child. The charges involving the bystander were dropped. The recommended guidelines range was community control or twelve to thirty months incarceration, but, after several modifications, appellant was ultimately sentenced to two years of community control and eight years of probation, reflecting a downward departure. The court imposed various conditions upon these supervised periods.
In April, 1988, appellant failed to comply with certain of the conditions of his sentence, and his community control officer subsequently filed an affidavit of violation of community control based upon these events. No new substantive crimes were alleged. Appellant was found guilty of violating his community control by a subsequent judge and was sentenced to a total of sixteen years imprisonment for the underlying crime. The subsequent judge listed, as his reasons for an upward departure, the particularly brutal manner in which the underlying crime had been committed, as well as the defendant’s resistance to rehabilitation, and stated that the same sentence would be imposed if only one of these reasons were present.
We find sufficient competent evidence in the record reflecting appellant’s violation of certain court-imposed conditions of his community control, and, accordingly, affirm the revocation of community control. Lambert v. State, 545 So.2d 838 (Fla.1989). We reject appellant’s argument that the technical nature of his violation *1138 does not support revocation. See De Leon v. State, 536 So.2d 305 (Fla. 2d DCA 1988).
Regarding the upward departure sentence, while Lambert would allow only a one-cell “bump up” based upon factors solely related to violation of probation or community control, the State argues that the subsequent sentencing judge is entitled to, in effect, revisit the sentence originally imposed for the underlying crime by reweighing the factors that were, of necessity, presented to, and considered by, the original sentencing judge and to now upwardly depart based upon those same factors.
We reject this argument, finding that it is contrary to the Constitutional prohibitions relating to double-jeopardy. Here, the original sentencing judge already considered the facts and circumstances of the underlying crime, applied his knowledge and experience, evaluated these facts and circumstances, and sentenced appellant as he saw fit. That sentence departed downward from the guidelines range. While “[a] court may at any time correct an illegal sentence imposed by it ... [,]” Fla.R. Crim.P. 3.800, nonetheless, “[tjhere is no provision in the Rules of Criminal Procedure for the subsequent enhancement of a legal sentence. Royal v. State, 389 So.2d 696, 697 (Fla. 2d DCA 1980). See also Hinton v. State, 446 So.2d 712, 713, n. 1 (Fla. 2d DCA 1984).” Gilmore v. State, 523 So.2d 1244 (Fla. 2d DCA 1988). While the record does not explain the basis for the imposition of a downward departure sentence in the first instance, we do not reach that question inasmuch as that issue is not now before us. Accordingly, a subsequent judge may not now reconsider the same facts presented to the original sentencing judge, re-evaluate them, and now determine that, based upon those same facts, an upward departure sentence is proper. While the facts presented by the record before us reflect that appellant’s brutality in committing the underlying crime would indeed appear to be sufficient to support an upward departure sentence, the subsequent sentencing judge is not free to do so after the original sentencing judge declined to do so after considering the same facts and circumstances. Both the Fifth Amendment to the United States Constitution and Article I, Section 9 of the Florida Constitution “forbid not only successive trials for the same offense but also prohibit subjecting a defendant to multiple punishments for the same offense.” Carawan v. State, 515 So.2d 161, 163 (Fla.1987). We therefore find the actions of the subsequent sentencing judge to be violative of appellant’s Fifth Amendment guarantee against double-jeopardy.
Furthermore, we find that the record before us does not support departure based upon appellant’s alleged unamenability to rehabilitation. Accordingly, we remand for resentencing. This holding should not be construed as prohibiting a sentencing judge from departing upward more than one cell in cases where a defendant on community control is convicted of committing subsequent crimes, provided the subject upward departure is supported by the requisite valid written reasons.
Affirmed in part, reversed in part, and remanded.