PER CURIAM.
Ismael Diaz appeals a circuit court order denying his petition for writ of prohibition predicated on the court’s failure to conduct his trial within speedy trial limits. We reverse the order and remand with directions to discharge Diaz: the circuit court erred in denying the petition. Although Diaz’s counsel had stated that he would not file a motion to discharge pursuant to the speedy trial rule following the trial court’s May 7 announcement that it would reset the trial for May 28, see Smith v. State, 482 So.2d 521 (Fla.2d DCA 1986), that statement did not constitute a continuous and perpetual waiver of Diaz’s speedy trial rights. Diaz’s counsel was not obliged to inform the court that the speedy trial period had run when Diaz appeared for trial on May 28. Stuart v. State, 360 So.2d 406 (Fla.1978); Rivas v. Oppenborn, 605 So.2d 516 (Fla.3d DCA 1992). After the court failed to commence his trial on May 28, Diaz was entitled to discharge on speedy trial grounds: the record reflects that the court did not conduct trial within the fifteen-day window following Diaz’s motion for discharge. Fla.R.Crim.P. 3.191(i)(3). Accordingly, we reverse the order.
Reversed and remanded with directions.