626 So.2d 1364 (1993)
Karen GARTRELL, Petitioner,
v.
STATE of Florida, Respondent.
No. 80948.
Supreme Court of Florida.
November 18, 1993.
Richard L. Jorandby, Public Defender and Ellen Morris, Asst. Public Defender, West Palm Beach, for petitioner.
Robert A. Butterworth, Atty. Gen., Joan Fowler, Bureau Chief, Sr. Asst. Atty. Gen. and Douglas J. Glaid, Asst. Atty. Gen., West Palm Beach, for respondent.
HARDING, Justice.
We have for review Gartrell v. State, 609 So.2d 112 (Fla. 4th DCA 1992), in which the Fourth District Court of Appeal certified the following question as being one of great public importance:
IS A SENTENCE TO LESS THAN THE GUIDELINES RANGE WITHOUT WRITTEN REASONS AN "ILLEGAL SENTENCE" WITHIN THE MEANING OF RULE 3.800(a); AND, IF SO, CAN THE STATE PROPERLY SEEK TO HAVE SUCH A SENTENCE INCREASED TO THE GUIDELINES RANGE BY FILING A MOTION UNDER RULE 3.800(a) AFTER THE STATE HAS FOREGONE APPEALING THE SENTENCE UNDER SECTION 924.07(1)(i), FLORIDA STATUTES, AND RULE 9.140(c)(1)(J)?
Id., at 117. We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution. We answer the certified question in the negative.
*1365 Karen Gartrell was a passenger in the back seat of a vehicle that was stopped for a traffic violation. When the driver of the vehicle was arrested for speeding and for driving without a license, the arresting deputy sheriff asked Gartrell to produce her license in order to drive the car away. Gartrell exited the vehicle, placed her purse on the trunk of the car, and proceeded to look for the license in the purse. When Gartrell pushed some objects to the bottom of her purse, the deputy noticed several ziplock bags partially concealed by a tissue. The deputy deduced that the bags contained marijuana, and Gartrell was arrested. A subsequent search of the purse revealed a foldedover dollar bill which contained a white powder and, in an outside zippered compartment of the purse, a brown paper bag containing 86.25 grams of cocaine. Gartrell was charged by information with possession of cannabis and with trafficking in cocaine.
Gartrell moved for a judgment of acquittal at the close of all the evidence, arguing that the State had failed to present any positive evidence, other than the presence of the cocaine in her purse, that she actually knew that she was carrying cocaine. The court denied the motion, and the jury returned a verdict of guilty on both counts of the information.
A judge, who was filling in for the vacationing trial judge, sentenced Gartrell to one year's imprisonment on the simple possession count and a three-year mandatory minimum on the trafficking possession count, with both sentences to run concurrently. Although this sentence constituted a downward departure from Gartrell's permitted guidelines range of 4 1/2 to 9 years, the sentencing judge provided no written reasons for the departure. Nine days later, the State filed a motion to correct an illegal sentence, pursuant to Florida Rule of Criminal Procedure 3.800(a). The State argued that the downward departure without written reasons constituted an illegal sentence. The judge who had presided at trial found that the initial sentence was "void ab initio" and resentenced Gartrell to nine years imprisonment.
On appeal, Gartrell challenged the resentencing as violating her constitutional right against double jeopardy. Gartrell also argued that the trial court erred in denying her motion for judgment of acquittal because the evidence was insufficient to prove that her possession of the purse was nonexclusive and that she knew the cocaine was in her purse. The district court affirmed the trial court's denial of the motion for judgment of acquittal and found no merit to the resentencing issue. However, the district court certified the sentencing issue to this Court as a question of great public importance.
At oral argument, the State conceded, and we agree, that Gartrell's initial sentence was not an "illegal sentence" within the meaning of rule 3.800(a). However, the State argues that this Court should approve the increased sentence because, had the State appealed the downward departure sentence under section 924.07(1)(i), Florida Statutes (1991), and Florida Rule of Appellate Procedure 9.140(c)(1)(J), the sentence would have been reversed as an unauthorized downward departure. Essentially, the State contends that the trial court reached the right result, albeit by way of the wrong procedure. We do not agree with the State's argument.
Rule 3.800(a) provides that "[a] court may at any time correct an illegal sentence imposed by it or an incorrect calculation made by it in a sentencing guidelines scoresheet." Because neither an illegal sentence nor a calculation error was involved in this case, rule 3.800(a) was clearly the improper vehicle for the State to use. The State should have appealed the sentence imposed as being "outside the range recommended by the guidelines." § 924.07(1)(i), Fla. Stat. (1991). Had this downward departure without written reasons been properly raised on appeal, the trial court would have been required to resentence Gartrell within the recommended guidelines range with no further departure permitted. See Cheshire v. State, 568 So.2d 908, 913 (Fla. 1990).
However, contrary to the State's assertion at oral argument, its filing of the motion to correct the sentence will not serve as a substitute for a notice of appeal, even though the motion was filed within the time allowed for appeal. This Court has never *1366 treated a rule 3.800(a) motion filed with a trial court as if it were an appeal to a court of higher jurisdiction. The trial court in this case was without jurisdiction to correct a sentence that could only be corrected by appeal. Because no appeal was taken in this case, the increased sentence must be vacated and the initial sentence reinstated.
Gartrell also contends that the State failed to present any evidence on the knowledge element of section 893.135(1)(b), Florida Statutes (1989), and thus her conviction for trafficking in cocaine should be overturned. Section 893.135(1)(b) provides that "[a]ny person who ... is knowingly in actual or constructive possession of 28 grams or more of cocaine" is guilty of trafficking in cocaine. Gartrell asserts that her "uncontroverted testimony" showed that she did not have notice or knowledge that the cocaine was in a side pocket of her purse. According to Gartrell's testimony, her purse had been on an armrest while she slept and was accessible to both other occupants of the car. At some point one of the other occupants of the vehicle woke Gartrell, told her that the deputy sheriff was behind the vehicle, and requested that she remove the purse from the armrest. At that point Gartrell placed the purse under her head. In her testimony, Gartrell admitted knowledge of the marijuana in her purse, admitted her actions in trying to conceal the marijuana from the deputy's view, but denied any knowledge of the cocaine's presence in her purse.
Actual possession exists where the accused has physical possession of the substance and knowledge of that physical possession. Brooks v. State, 501 So.2d 176, 177 (Fla. 4th DCA 1987). It is uncontroverted that Gartrell was in physical possession of the cocaine as it was found in her purse which she was using as a pillow. Thus, the crux of Gartrell's argument hinges on the second element, knowledge of possession. Knowledge of possession may be inferred from the accused's exclusive possession of the substance. Frank v. State, 199 So.2d 117, 120 (Fla. 1st DCA 1967). In this case, the district court concluded that the purse was in Gartrell's sole possession and thus knowledge of the cocaine's presence could be presumed. 609 So.2d at 114. The court also concluded that Gartrell's assertion that the purse was on the armrest and accessible to others did not turn this into a "joint possession" case. Instead, this was "evidence designed to rebut the knowledge inference and created, at most, a jury question as to whether the defendant was in exclusive possession of the handbag." Id.
We agree with the district court's conclusions. In this case, the deputy testified that he observed Gartrell using the purse as a pillow when the vehicle was stopped. The deputy also testified that Gartrell tilted the purse away from his view as she rummaged through it and that she pushed objects to the bottom of the purse. Thus, contrary to Gartrell's assertion, her testimony was not "uncontroverted," and the issue of her knowledge became a jury question. Gartrell's counsel even conceded at oral argument that had Gartrell not testified the jury could have properly considered the State's evidence relating to the cocaine. As the finder of fact, the jury was free to accept or reject Gartrell's version of events in the car.
Accordingly, we answer the certified question in the negative. We approve that part of the decision below that affirmed the trial court's denial of Gartrell's motion for judgment of acquittal. However, we quash that part of the decision that affirmed Gartrell's sentence and remand this cause with directions to vacate the nine-year sentence and to order the imposition of the original sentence.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES and KOGAN, JJ., concur.