648 So.2d 298 (1995)
Mark THOMAS, Appellant,
v.
STATE of Florida, Appellee.
No. 94-744.
District Court of Appeal of Florida, Fifth District.
January 6, 1995.
James B. Gibson, Public Defender, and Noel A. Pelella, Asst. Public Defender, Daytona Beach, for appellant.
*299 Robert A. Butterworth, Atty. Gen., Tallahassee, and Ann M. Childs, Asst. Atty. Gen., Daytona Beach, for appellee.
DAUKSCH, Judge.
Appellant, Mark Thomas, timely appeals an order correcting his sentence. On appeal, he challenges the trial court's reduction of his credit for time served by 1,512 days of his administrative gain time.
The record shows that appellant pled nolo contendere to violating his probation in two cases. After accepting his plea, the trial court sentenced him to two concurrent nine-year terms of incarceration for the underlying offenses. Appellant was also ordered to serve four concurrent three-year periods of probation for the new offenses, to run consecutive to the nine-year terms of incarceration.
Approximately two years later, appellant again violated his probation. His probation officer testified at his violation of probation hearing that he had instructed appellant as to the conditions of his probation and controlled release. Appellant's controlled release agreement was admitted into evidence. Following another probation officer's testimony as to the manner in which appellant was alleged to have violated his probation, the trial court found that appellant had violated his probation. The Department of Corrections recommended that he be sentenced to twenty-two years incarceration.
Following the department's recommendation, the trial court revoked appellant's probation and sentenced him to twenty-two years incarceration with credit for the nine years which he had already served stating:
Now, you and I both know you didn't serve nine years, but the law entitles you since you were sentenced to nine years, you're entitled to credit for nine years, and I believe Ms. McCarthy [prosecutor] and Mr. Toner [public defender] that is correct is it not?
Both attorneys responded affirmatively to the trial court's inquiry. The trial court later reminded appellant that his sentence carried with it a maximum penalty of life in prison further stating:
... and you received a nine-year sanction plus consecutive probation. You served your nine years. All you had to do was get through the probationary period without a problem, and you didn't do that.
The court reiterated that it was sentencing appellant to a twenty-two year term of incarceration with credit for nine years.
Appellant appealed his sentence after which his attorney filed an Anders[1] brief. In the meantime, appellant began serving his twenty-two year sentence. On February 9, 1994, while his appeal was still pending, the Department of Corrections wrote a letter to the assistant state attorney assigned to appellant's case advising him to inquire as to whether the trial court had intended to credit appellant with the time which he had not served, 1,512 days, due to his early controlled release. The department said it believed a defendant was not entitled to credit for time served for early release on controlled release upon resentencing for a violation of probation. The assistant state attorney received the department's letter on February 15, 1994, one day before this court per curiam affirmed appellant's sentence for the offenses underlying his violation of probation.
On March 3, 1994, one day before this court issued its mandate affirming appellant's sentence, appellee, state, filed a motion in the trial court to correct appellant's sentence pursuant to Florida Rule of Criminal Procedure 3.800(a) alleging that he was entitled to 1,859 days credit for time served rather than nine years and eighty-six days. Attached to its motion was a copy of the department's February 9th letter. In essence, appellant was alleged to have received approximately four years of credit for time served to which he was not entitled.
A hearing was held on appellee's motion to correct sentence. Defense counsel objected to any reduction of appellant's credit for time served on the ground that his sentence was legal when it was imposed and on the ground that appellee's belated request was untimely. After some confusion as to how much time *300 appellant had previously served on his nine-year sentences, the trial court found that he had erroneously been credited for 1,512 days of administrative gain time served to which he was not entitled. Accordingly, the court entered an order reducing his credit for time served by 1,512 days.
Appellant contends on appeal that the trial court erred by granting appellee's motion to correct sentence because the violation of probation hearing transcript shows that he violated his probation while he was on controlled release rather than after having served his full nine-year sentences. Thus, he contends that the trial court was aware that he was on controlled release at the time he violated his probation which is contrary to the court's later assertion at the hearing on appellee's motion to correct sentence that it was unaware of his controlled release status at the time of sentencing.
Appellant contends that appellee additionally waived its right to object to the trial court's failure to revoke his credit for administrative gain time served by failing to move for a rehearing of this court's per curiam affirmance of his sentence particularly since it had received notice of the alleged error in sentencing within the time for moving for a rehearing. Because the trial court's sentence was legal at the time it was imposed, appellant concludes that the court lacked jurisdiction to later change the sentence pursuant to Florida Rule of Criminal Procedure 3.800(a).
Appellee contends in response that the trial court's order reducing appellant's credit for time served should be affirmed because a defendant now forfeits any gain time previously earned following a revocation of probation or community control. See § 944.28(1), Fla. Stat. (1993); Tripp v. State, 622 So.2d 941, n. 2 (Fla. 1993). It further contends that the credit for time served does not include provisional credits or administrative gain time used to alleviate prison overcrowding. See § 944.277(7)(c), Fla. Stat. (1991); Tripp, 622 So.2d at 942-943, n. 2. See also Brown v. State, 632 So.2d 699, 700, n. 1. (Fla. 1st DCA 1994); Webb v. State, 630 So.2d 674, 676 (Fla. 4th DCA 1994).
Emphasizing that the trial court intended only to credit appellant with any time served to which he was legally entitled, appellee contends that the trial court's reduction of appellant's credit for time served was proper to correct a clerical error. See Drumwright v. State, 572 So.2d 1029 (Fla. 5th DCA 1991); Carson v. State, 489 So.2d 1236 (Fla. 2d DCA 1986). It contends that the court had the inherent power to correct the clerical error. See Boggs v. Wainwright, 223 So.2d 316 (Fla. 1969). See Watson v. State, 633 So.2d 1171 (Fla. 3d DCA), rev. den., 641 So.2d 1347 (Fla. 1994).
We agree with appellant that the trial court's correction of his sentence pursuant to Florida Rule of Criminal Procedure 3.800(a) was erroneous because the court was correcting a legal sentence which was within the statutory maximum. We recognize that a defendant is not entitled to provisional credits or administrative gain time as credit for time served following a revocation of probation. Section 944.277(7)(c), Florida Statutes (1991) provides the following:
944.277 Provisional credits. 
* * * * * *
(7) If an inmate violates any term or condition of provisional release supervision, the Department of Corrections may take any of the following actions:
* * * * * *
(c) Terminate the provisional release supervision and return the inmate to prison. If an inmate is returned to prison, credits accumulated as of the date of release to the provisional release supervision program may be canceled as prescribed by department rule.
Although appellee contends that it is the function of the Department of Corrections to determine how much gain time a defendant is entitled to, Rice v. State, 563 So.2d 210 (Fla. 5th DCA 1990), the department's determination to do so is discretionary. This conclusion is supported by use of the word may rather than shall in the above statute and by the supreme court's acknowledgement of the state's "great discretion in revoking or limiting provisional credits." See Griffin v. Singletary, 638 So.2d 500, 501 (Fla. 1994) [relying *301 upon Dugger v. Rodrick, 584 So.2d 2 (Fla. 1991)].
Contrary to appellee's argument in the present case, the trial court's order reducing appellant's credit for time served by 1,512 days was not a correction of a clerical error because the purpose of the order was not to conform the order to the court's oral pronouncement during the violation of probation hearing, Drumwright; Carson, but rather was to effectuate the court's intent in sentencing appellant. Although the trial court found that appellant had a duty to inform it at the sentencing hearing that he was not entitled to credit for administrative time served, it was appellee's duty to apprise the court of this fact rather than appellant's. See e.g., Stuart v. State, 360 So.2d 406 (Fla. 1978) (defendant not obligated to apprise trial court that speedy trial period had run on day defendant appeared for trial); Diaz v. State, 617 So.2d 830 (Fla. 3d DCA 1993) (same); Rivas v. Oppenborn, 605 So.2d 516 (Fla. 3d DCA 1992) (same). Thus, appellee's failure to object to the trial court's calculation of credit for time served at the sentencing hearing, failure to raise the issue on appeal and failure to raise the issue in a motion for rehearing resulted in a waiver of the issue.
In Gartrell v. State, 626 So.2d 1364 (Fla. 1993), the state filed a rule 3.800(a) motion to correct an illegal sentence arguing that the trial court's downward departure from the sentencing guidelines without written reasons was an illegal sentence. The judge resentenced the defendant, thereby increasing her sentence. The defendant appealed arguing that the resentencing was violative of her constitutional right against double jeopardy. The supreme court held that the trial court had lacked jurisdiction to resentence the defendant for a matter which should have been raised on direct appeal stating:
Rule 3.800(a) provides that "[a] court may at any time correct an illegal sentence imposed by it or an incorrect calculation made by it in a sentencing guidelines scoresheet." Because neither an illegal sentence nor a calculation error was involved in this case, rule 3.800(a) was clearly the improper vehicle for the State to use. The State should have appealed the sentence imposed as being "outside the range recommended by the guidelines." § 924.07(1)(i), Fla. Stat. (1991). Had this downward departure without written reasons been properly raised on appeal, the trial court would have been required to resentence Gartrell [the defendant] within the recommended guidelines range with no further departure permitted. See Cheshire v. State, 568 So.2d 908, 913 (Fla. 1990).
However, contrary to the State's assertion at oral argument, its filing of the motion to correct the sentence will not serve as a substitute for a notice of appeal, even though the motion was filed within the time allowed for an appeal. This Court has never treated a rule 3.800(a) motion filed with a trial court as if it were an appeal to a court of higher jurisdiction. The trial court in this case was without jurisdiction to correct a sentence that could only be corrected by appeal. Because no appeal was taken in this case, the increased sentence must be vacated and the initial sentence reinstated.
Gartrell, 626 So.2d at 1364.
Consistent with Gartrell, we find that appellee's failure to raise the alleged sentencing error below and on direct appeal resulted in a waiver of that issue. As appellant correctly contends, the Florida Rules of Criminal Procedure do not contain a provision for the subsequent enhancement of a legal sentence. See Gilmore v. State, 523 So.2d 1244 (Fla. 2d DCA 1988); Cherry v. State, 439 So.2d 998 (Fla. 4th DCA 1983). Such resentencing is violative of a defendant's constitutional guarantee against double jeopardy. Key v. State, 638 So.2d 1040 (Fla. 1st DCA 1994); Troupe v. Rowe, 283 So.2d 857 (Fla. 1973); Coll v. State, 629 So.2d 1056 (Fla. 2d DCA 1993); Gartrell v. State, 609 So.2d 112 (Fla. 4th DCA 1992), rev. granted, 618 So.2d 1368 (Fla.), approved in part; quashed in part on other grounds, 626 So.2d 1364 (Fla. 1993); Colvin v. State, 549 So.2d 1137 (Fla. 3d DCA 1989); Del Rio v. State, 549 So.2d 766 (Fla. 3d DCA 1989).
*302 Accordingly, the trial court's order correcting appellant's sentence pursuant to Florida Rule of Criminal Procedure 3.800(a) should be reversed and the cause remanded to the trial court to reinstate the sentence imposed at the time of his sentencing for the violation of probation.
REVERSED and REMANDED.
GOSHORN and PETERSON, JJ., concur.
NOTES
[1] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).