992 So.2d 907 (2008)
Ray A. WOLFORK, Petitioner,
v.
STATE of Florida, Respondent.
No. 2D08-632.
District Court of Appeal of Florida, Second District.
October 24, 2008.
*908 Ray A. Wolfork, pro se.
Bill McCollum, Attorney General, Tallahassee, and Richard M. Fishkin, Assistant Attorney General, Tampa, for Respondent.
DAVIS, Judge.
Ray A. Wolfork, in his petition filed pursuant to Florida Rule of Appellate Procedure 9.141(c), contends that appellate counsel was ineffective in failing to argue that the aggravated battery instruction that was given to the jury at trial constituted fundamental error. We agree, and we reverse Wolfork's conviction for aggravated battery on a law enforcement officer, vacate the sentence on this conviction, and remand to the trial court for a new trial on this offense only.
Wolfork was convicted after jury trial of aggravated battery on a law enforcement officer and resisting arrest with violence. His convictions and sentences were affirmed on direct appeal. Wolfork v. State, 957 So.2d 1177 (Fla. 2d DCA 2007) (table decision). The testimony at trial showed that Officer Nora Kohlruss and Officer Manuel Sabina of the Tampa Police Department were patrolling in their police cruiser when they activated their overhead lights and stopped Wolfork and Robert Gary who were riding bicycles the wrong way down a one-way street. Neither Wolfork nor Gary had lights on their bicycles, which is a traffic infraction. Wolfork acquiesced to Officer Sabina's request to search him, and Officer Sabina found four rocks of suspected crack cocaine in Wolfork's hat. At this point, Wolfork attempted to flee and began struggling with Officer Sabina. Officer Kohlruss, in an attempt to restrain Wolfork and prevent his escape, grabbed the back of his pants with her left hand. Officer Sabina punched Wolfork in the face with a closed fist before he slipped and fell in the street.
Officer Kohlruss testified, "I had a hold of his back of his pants. He came around with a closed right fist and struck my hand, and was like making this motion to try to get me to let go of him so he could get away." Officer Kohlruss held onto Wolfork with her left hand while she drew and extended her metal asp, or nightstick, with her right hand. However, she felt so much pain in her left hand that she had to let go of Wolfork. Wolfork made contact with her left hand at least one time. Officer Sabina testified that he observed Wolfork strike Officer Kohlruss's hand several times. Officer Kohlruss was taken to a hospital, where it was discovered that two of the fingers on her left hand were broken.
Robert Gary testified for the defense. He indicated that Wolfork started struggling because Officer Sabina had his arm pulled back too tightly while he was trying to handcuff him. He stated that Wolfork did not hit Officer Kohlruss and that he thought that she injured her hand when she tried to extend her asp. In closing argument, trial counsel contended that the *909 officers' testimony contained significant discrepancies and that based on Gary's testimony, Officer Kohlruss injured her hand striking Wolfork rather than the other way around. Wolfork did not testify in his own defense.
Wolfork was charged with aggravated battery on a law enforcement officer pursuant to sections 784.045(1)(a)(1) and 784.07, Florida Statutes (2003). Subsection 785.044(1)(a)(1) states that a person commits an aggravated battery when, in committing a battery, he or she "[i]ntentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement." However, with regard to the aggravated battery component of the offense, the trial court instructed the jury that the State must prove:
1. Ray A. Wolfork intentionally touched or struck Nora Kohlruss against her will.
2. The defendant in committing the battery caused great bodily harm, permanent disability, or permanent disfigurement to Nora Kohlruss.
This instruction tracks the first two elements of the standard instruction on aggravated battery of a law enforcement officer in the Florida Standard Jury Instructions in Criminal Cases. However, in giving the instruction, the trial court left out the words "intentionally or knowingly" from the second element of the offense. The instruction should have read: "The defendant in committing the battery intentionally or knowingly caused great bodily harm, permanent disability, or permanent disfigurement to Nora Kohlruss."[1] In the sole ground in the petition, Wolfork alleges that this omission constituted fundamental error and that appellate counsel was ineffective in failing to raise this issue on appeal.
A criminal defendant has a fundamental right to have the trial court correctly and intelligently instruct the jury on the essential and material elements of the crime charged. Battle v. State, 911 So.2d 85, 88-89 (Fla.2005). However, if the trial court fails to instruct on all the elements of the offense and the defendant does not object, as was the case here, the omission can be raised on appeal only where it constitutes fundamental error. See id. at 89. Fundamental error occurs when the omission is pertinent or material to what the jury must consider in order to convict; the failure to instruct on an element of the crime over which the record reflects there was no dispute does not constitute fundamental error. Id.
To prove the offense of aggravated battery, the State must prove that the accused used a deadly weapon or that he intentionally caused great bodily harm, permanent disfigurement, or permanent disability to the victim. See C.A.C. v. State, 771 So.2d 1261, 1262 (Fla. 2d DCA 2000). Here, the trial court's instruction removed a portion of the mens rea from the offense of aggravated battery on a law enforcement officer. The jury was advised that once the State proved an intentional touching or striking of Officer Kohlruss against her will occurred during the lawful performance of her duties as a police officer, an aggravated battery was proven if she incurred great bodily harm or permanent disability. Thus the second element of the offense was subject to a strict liability standard, and the State's burden of proof was reduced considerably.
*910 Here the omission of the word "intentionally" from the second element of the offense is certainly pertinent or material to what the jury was required to consider in order to convict Wolfork of the offense of aggravated battery on a law enforcement officer. In fact, the trial court essentially instructed the jury on the elements of felony battery under section 784.041. We conclude from our review of the trial transcript that whether Wolfork intentionally caused great bodily harm to Officer Kohlruss was an element of the crime that was in dispute. Wolfork's defense at trial was that he did not cause the injury to the victim. Thus Wolfork implicitly argued that he did not intentionally or knowingly cause said injury. See, e.g., Garcia v. State, 901 So.2d 788, 793-94 (Fla.2005) (holding that the failure to instruct the jury on the guilty knowledge element of the offense of possession of methamphetamine constituted fundamental error where the defendant implicitly argued at trial that he did not have knowledge of the illicit nature of the substance in the package by maintaining that he was unaware of the existence of the package).
Furthermore, if the jury had been properly instructed and had Wolfork presented no testimony or argument at trial, a reasonable juror could have found that the State did not prove beyond a reasonable doubt that Wolfork intended to cause great bodily harm when he struck Officer Kohlruss's left hand. There was no testimony that he otherwise kicked, hit, or punched the officers, and the obvious inference from the testimony is that Wolfork struck the officer's hand in an attempt to flee. Whether Wolfork also intended to cause great bodily harm, or whether he knew that such harm would be a necessary result of his actions, was an issue that was not presented to the jury for its determination.
Accordingly, we hold that appellate counsel was ineffective in not arguing that the omission of the words "intentionally or knowingly" from the second element of aggravated battery on a law enforcement officer constituted fundamental error. Because a new appeal would be redundant in this instance, we reverse Wolfork's conviction for aggravated battery on a law enforcement officer, vacate the sentence imposed thereon, and remand for a new trial. See Grimsley v. State, 967 So.2d 1132, 1134 (Fla. 2d DCA 2007).
Petition granted.
WHATLEY and STRINGER, JJ., Concur.
NOTES
[1] The same instruction was provided to the jury for the lesser-included offense of aggravated battery.