SCHWARTZ, Senior Judge.
 

 The conviction on appeal for possession with intent to sell cocaine within 1000 feet of a child care facility, as found by the jury, may not stand because the court fundamentally erred in omitting that part of the standard jury instruction which concerned the necessity that any possession be “with the intent to sell” the contraband. § 893.13(l)(c)(l), Fla. Stat. (2006). Although the omission was not objected to below, the failure to instruct on an essential element of the offense, which was a hotly disputed issue at trial and resulted in the possibility that the defendant was found guilty of a non-existent offense, “simple possession of contraband within 1000 feet of a child care facility,” mandates reversal. See
 
 State v. Delva,
 
 575 So.2d 643 (Fla.1991);
 
 James v. State,
 
 16 So.3d 322 (Fla. 4th DCA 2009);
 
 Wolfork v. State,
 
 992 So.2d 907 (Fla. 2d DCA 2008);
 
 Castillo v. State,
 
 929 So.2d 1180 (Fla. 4th DCA 2006);
 
 Pratt v. State,
 
 601 So.2d 619 (Fla. 2d DCA 1992);
 
 Mercer v. State,
 
 656 So.2d 555 (Fla. 1st DCA 1995).
 

 Because the sentence actually imposed — 259 days on probation and 259 days in jail with 258 days of credit for time served — fell within the permissible limits for the third degree felony of simple possession, it is necessary only, as the appellant suggests, to reduce the adjudicated crime to simple possession, of which the jury necessarily found her guilty. A new trial will not be required.
 

 Affirmed as modified.