PER CURIAM.
Appellant appeals the amount of jail credit awarded following his sentence to two consecutive five-year prison terms. In orally pronouncing the sentence, the court did not make any statements with respect to credit for time served. Subsequently, in its written sentencing order, the court gave appellant 629 days’ credit for time served on both counts. The state moved to correct a sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b), arguing that appellant was entitled to only 164 days credit for time served on the first count and no credit for time served on the second count. The lower court granted the state’s motion, and following the denial of appellant’s own 3.800 motion, appellant appealed.
Under Florida Rule of Criminal Procedure 3.800(b), the state may file a motion to correct a sentencing error “only if the correction of the sentencing error would benefit the defendant or to correct a scrivener’s error.” In this case, the state’s 3.800(b) motion neither benefited appellant nor corrected a scrivener’s error. See Linnon v. State, 988 So.2d 70, 73 (Fla. 2d DCA 2008) (adding a mandatory minimum term to the defendant’s sentence was not permitted because it did not benefit the defendant); Thomas v. State, 648 So.2d 298, 301 (Fla. 5th DCA 1995) (reducing the defendant’s credit for time served did not correct a clerical error because “the purpose of the order was not to conform the order to the court’s oral pronouncement”). As such, the state’s motion was not permit *704 ted under rule 3.800(b). Therefore, we reverse and remand with directions to reinstate the original sentence. We find the remaining issues on appeal to be without merit and affirm without comment.

Affirmed in part, reversed in part, and remanded.

GERBER, LEVINE and KLINGENSMITH, JJ., concur.