WALLACE, Judge, Dissenting. I respectfully dissent. The majority acknowledges that the knowing nature of Mr. Thames’ actual or constructive possession of the car at issue is an element of the offense as defined by the legislature and that the knowing nature of the alleged possession was essential to what the jury was required to determine in order to find Mr. Thames guilty of the crime defined in section 893.1351(2). But the majority equates this element with knowledge that the car was present and concludes that “Mr. Thames’ knowledge of his -possession ... of this car was a point that was never in question during his trial.” I disagree with both this interpretation of the statute and with the majority’s'conclusion this element. was not disputed at trial. I would hold that the omission of this element from the jury instruction was fundamental error and that the failure of,Mr. Thames’ appellate counsel - to raise this error in Mr. Thames’ direct appeal was deficient performance that undermines confidence in the outcome. I. THE INSTRUCTION AS FUNDAMENTAL ERROR Section 893.1351(2) contains two separate elements regarding knowledge that the State must prove to obtain a conviction. First, the State must establish that the accused’s possession of the place, structure, trailer, or conveyance was undertaken “knowingly.” Id. Second, the State must also prove that such possession was undertaken “with the knowledge” that the place, structure, trailer, ór conveyance will be used for a prohibited purpose as described in the statute. Id.; see Notice, Amendments to Jury Instructions, Fla. Bar News, Jan. 15, 2017, at 21 (proposing a new jury instruction 25.13(g) for the offense set forth in section 893.1351(2)). I will refer to the first element as the “conscious purpose” requirement and the second element as the “guilty knowledge” requirement. ... These two elements are separate and distinct. A similarly worded requirement that the accused’s possession be undertaken “knowingly” appears in section 893.135, the trafficking statute. In construing the meaning of the term “knowingly” as used in the trafficking statute, the Fourth District explained that the legislature’s use of the term “knowingly”, cannot mean the same thing as knowledge of the contraband’s presence. Gartrell v. State, 609 So.2d 112, 114 (Fla. 4th DCA 1992), quashed on other grounds, 626 So.2d 1364 (Fla. 1993). Instead, the legislature’s use of the term “knowingly,” when used in conjunction with possession, must be interpreted so as to give it a separate meaning. See id. With regard to the trafficking statute, the Fourth District said that the term “knowingly” “has been interpreted by our supreme court to mean that the defendant must know the nature of the particular substance he possesses.” Id. (citing State v. Dominguez, 509 So.2d 917 (Fla. 1987)).[6] Section 893.1351(2), Florida Statutes (2014), the statutory provision under review here, uses' the term “knowingly” with reference to the possession of places, structures, trailers, and conveyances. Unlike in the trafficking statute, these things are not contraband. Therefore, part of the court’s proper task here is to determine what the term “knowingly” means with regard to the possession of these items. I take the word “knowingly” as used in section 893.1351(2) to mean that the accused’s possession of the place, structure, trailer, or conveyance must have a distinct mental element, i.e., “a conscious and substantial possession' by the accused, as distinguished from a .mere involuntary or superficial possession,” Reynolds v. State, 92 Fla. 1038, 111 So. 286, 286 (1926). Thus, for the,State to prove that the accused undertook to possess a place, structure, trailer, or conveyance “knowingly,” ’ it must show that the accused acted in accordance with a conscious purpose to achieve the substantive possession of the item in question. Stated differently, the State must show that the accused had the intent to exercise a right of control over a place, structure, trailer, or conveyance with the conscious awareness that he or she is doing so. See generally Richard Sanders, The Knowledge Element in Drug Cases: Some Final Thoughts on Shelton and Adkins, 88 Fla. B.J. 40,43 n.17 (July/Aug. 2014) (reviewing case- law and discussing the mental elements involved in the proof of offenses involving possession of controlled substances). The majority equates knowing possession with knowledge that the car was present and concludes that “the jury could not have found Mr, Thames to have been in possession of the car he was leaning against and engaging in a drug transaction around without him correspondingly knowing that he was in possession of it.” From this assertion about the .jury’s verdict, the majority leaps to the unwarranted.conclusion that “the.issue of Mr. Thames’ knowledge about his possession of the car was never in dispute.” But this, assertion, even if the statute is interpreted to equate knowing possession with knowledge of the car’s presence, is flawed because the majority focuses on the jury’s verdict instead of on the question of what was actually disputed during the trial. The jury’s verdict and the disputed issues of fact at the trial—both of which are demonstrable from the record'[7]—are obviously two different things. Here, the majority inexplicably seizes on the jury’s verdict as a substitute for analyzing the issue about which the parties contended at trial. But the question of whether Mr. Thames’ alleged possession of the car was knowing, or with a conscious purpose, was a disputed issue of fact at the trial of this case. Undeniably, the jury’s verdict did not change that fact. Two examples will suffice to demonstrate how the first knowledge element in section 893.1351(2)—the conscious purpose requirement—operates in practice. A real estate broker tasked to sell a home or commercial building may have a set of keys and access to the property. But absent special circumstances, the real estate broker generally does not possess the property; he or she has no purpose to do so. See Polio v. First Niagra Bank, Nat’l Ass’n, 2014 WL 5099211 *6 (Conn. Sup. Ct. 2014); Knight v. Realty USA.com, Inc., 96 A.D.3d 1443, 947 N.Y.S.2d 693, 694 (2012); Christopher v. McGuire, 179 Or. 116, 169 P.2d 879, 881 (1946). A house guest or a casual visitor to a residence—even one left alone in the home—has a limited right to access and to occupy the property, but he or she does not “knowingly” possess the premises. Cf. J.S.M. v. State, 944 So.2d 1143, 1144 (Fla. 2d DCA 2006) (holding that the State had failed to prove that the defendant had dominion and control over contraband because there was no evidence that he was an occupant of a hotel room rather than a guest at a party); Harris v. State, 954 So.2d 1260, 1262 (Fla. 5th DCA 2007) (holding that a mere visitor to a residence did not have dominion and control over contraband found in the residence where the visitor “was neither an owner nor an occupant of the premises”).[8] These examples demonstrate that the requirement that the accused’s possession of the place, structure, trailer, or convey-anee be undertaken “knowingly”—i.e., with a conscious purpose—is entirely separate from the requirement that such possession also be accompanied by guilty knowledge. The legislature defined the offense in section 893.1351(2) to require that the State establish both of these elements of knowledge. Moreover, the Florida Supreme Court teaches that we cannot read the requirement that an offense be committed “knowingly” out of a criminal statute. Polite v. State, 973 So.2d 1107, 1112-13 (Fla. 2007). If we do otherwise, “we would be disregarding the maxim of statutory construction that courts are required to give significance and effect to every word or phrase in a statute.” Id. at 1113. Accordingly, the requirement that Mr. Thames’ possession of the car be undertaken “knowingly,” or with a conscious , purpose, was pertinent and material to what the jury needed to consider to convict. II. DEFICIENT PERFORMANCE To establish a claim of ineffective assistance of appellate counsel, the petitioner must show that counsel performed defi-ciently and that “the deficiency of that performance compromised the appellate process to such a degree as to undermine confidence in the fairness and correctness of the appellate result.” Downs v. Moore, 801 So.2d 906, 909-10 (Fla. 2001) (quoting Wilson v. Wainwright, 474 So.2d 1162, 1163 (Fla. 1985)). “This court applies the law in effect at the time of the appeal to determine whether counsel’s performance was deficient” and “current law to determine whether the petitioner is entitled to relief.” Horne v. State, 128 So.3d 953, 956 (Fla. 2d DCA 2013) (citing Brown v. State, 25 So.3d 78, 80 (Fla. 2d DCA 2009)). At the time of Mr. Thames’ direct appeal, this court had held that fundamental error occurred when jury instructions Omitted -an element of knowledge of a charged offense and the defendant disputed the omitted element at trial. See Barrientos v. State, 1 So.3d 1209, 1217-18 (Fla. 2d DCA 2009) (holding that the trial court committed fundamental error by omitting the word “knowingly” from the element of possession in the jury instruction for trafficking. in cocaine); Wolfork v. State, 992 So.2d 907, 910 (Fla. 2d DCA 2008) (holding that the omission of the words “intentionally or knowingly” from the second element of aggravated battery on a law enforcement officer constituted fundamental error); see also Nash, 951 So.2d at 1004-05. Accordingly, this issue was one that should have, been raised under the “prevailing professional norms” of appellate practice. See Morris v. State, 931 So.2d 821, 828 (Fla. 2006) (quoting Strickland v. Washington, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). The error in the jury instruction remains' fundamental error under current law. See, e.g., Ramroop v. State, 214 So.3d 657, 665-66 (Fla. 2017) (holding that in a trial for attempted second-degree murder of a law enforcement officer, the jury instruction that omitted the element of knowledge that the victim was a law enforcement officer when the defendant committed the offense was fundamental error and therefore “per se reversible”). III. CONCLUSION I would grant the petition, vacate . Mr. Thames’ judgment and sentence, ■ and remand for a new trial. , The legislature eliminated the' element that the defendant know of the illicit nature of the contraband effective May 13, 2002. § 893.101, Fla. Stat. (2002); ch. 2002-258,- § 1, at 1848,’Laws of Fla.; Knight v. State, 186 So.3d 1005, 1008 n.2 (Fla. 2016). . Mr. Thames’ direct appeal record shows that he did not concede the element’of knowing possession. See Licata v. State, 81 Fla. 649, 88 So. 621, 622 (1921) ("The plea of not guilty puts in issue every material element of the crime charged in the information .... ”). Rather, as the majority acknowledges, the direct appeal record shows that Mr, Thames vigorously disputed -that he actually or constructively possessed the car. It follows that he disputed that he knowingly possessed the car. See, e.g., Wolfork v. State, 992 So.2d 907, 910 (Fla. 2d DCA 2008) ("Wolfork’s defense at trial was that he did not cause the injury to the victim. Thus Wolfork implicitly argued that he did not intentionally or knowingly cause said injury.”). His counsel argued in dosing: You have heard no information actually, okay, about who was possessing, who was—that Mr. Thames was possessing or Mr. Thames was constructively possessing the vehicle. All he’s doing again is standing next to the vehicle, keep that in mind. The person who is exercising dominion, control, okay, over the vehicle is this other individual. He is the one in the video who is opening the door, going inside the vehicle, coming out, okay. Keep that in mind, there is nothing in that video showing Mr. Thames exercising any dominion, any control, anything that would indicate that he’s in actual possession of the vehicle. You know, an indication that some expired registration indicating that at some point this vehicle was registered to Mr. Thames again assuming that that registration is for that vehicle because in that video there’s no—you’re not shown a tag. The vehicle is turned around. But assuming that that is the registration for that vehicle, that in no way is evidence of actual or constructive possession. ■ The question is at the moment—at that time on January 2 during that video, the incident described in the video or shown or depicted in the video, is Mr. Thames actually or constructively possessing the car. And again, merely standing by is not enough to show that he’s in possession of the vehicle. It’s not. And the one exercising control, the one exercising control, the one exercising dominion over the vehicle is the other guy. And again that has to be shown in order for you to determine that Mr, Thames was in actual or constructive possession of the vehicle. Keep in mind that there’s been no evidence whatsoever indicating that Mr. Thames drove the vehicle, that he had keys on him for .the vehicle, that, you know, any of the other, you know, indicators of control or possession of an item because again control, possession are distinguishable from an ownership interest in something assuming he had one. Two different things, two different concepts. And what the instruction talks about is control, possession, actual constructive possession, no mention of ownership interest whatsoever. . For cases involving similar examples, see Sanders, supra.